## Case No. 3,123.

### CONOVER v. MERS.

[3 Fish. Pat. Cas. 386; 1 Am. Law T. Rep. U. S. Cts. 42.][1]

District Court, S. D. New York. April, 1868.

FORMER ADJUDICATION AS TO INFRINGEMENT—INJUNCTION.

1. Where an injunction had been granted in a former case against another defendant, and the defendant in the case at bar did not deny by his own affidavit, or that of any expert, that his machine was identical with that used by the defendant in the former case, or that it was an infringement of the plaintiff's patent, but his solicitor made affidavit that he was advised by his client, and by experts, that there was no infringement, and asked time to show that the machine did not infringe the patent: Held, that for the purposes of a provisional injunction, the machine of the defendant must be regarded as an infringement of the plaintiff's patent.

2. Where the patent has been sustained by a full hearing, and the infringement is clear, and especially where the very form of the machine used by the defendant has been passed upon by the court on the question of infringement, the plaintiff is entitled to have his rights promptly protected by injunction, although the defendant may be perfectly responsible, and be willing to give security for the payment of any decree that may be obtained against him.

[Cited in Farmer v. Calvert Lith. Eng. & Mep. Pub. Co., Case No. 4,651.]

In equity. This was a motion for a provisional injunction to restrain defendant [Henry Mers] from infringing letters patent [No. 12,857] granted to complainant [Jacob A Conover] May 15, 1855, and more particularly referred to in the case of Conover v. Dohrman [Case No. 3,120].

P. Van Antwerp, for complainant.

G. R. Thompson, for defendant.

BLATCHFORD, District Judge. This is an application for a provisional injunction to restrain the defendant from infringing letters patent granted to the plaintiff May 15, 1855, for a "machine for splitting kindling wood." The moving papers show that the machine in use by the defendant, in

his kindling-wood factory in Avenue B. between Fifteenth and Sixteenth streets, in the city of New York, is in all its essential and material features, identically the same as a machine which has been put under injunction by this court, on a final hearing in a suit brought by the plaintiff, on the same patent, against Dohrman and Peipho. In that suit the plaintiff's patent was attacked for want of novelty, and was sustained, and the machine used by the defendants in that suit was found to be an infringement of it.

The defendant does not deny, by his own affidavit, or by that of any expert, that his machine is identical with that used by Dohrman and Peipho, or that it is an infringement of the plaintiff's patent. But the application is opposed on an affidavit made by the solicitor for the defendant, setting forth that the defendant says that his machine is in many respects entirely dissimilar to the plaintiff's, and that the solicitor is unable, without much investigation, to show to the court the dissimilarities which he believed to exist between the two, but he is advised by experts, and believes, that in many respects the defendant's machine is different from that adjudicated upon in the case against Dohrman and Peipho, and he believes that if a reasonable time were granted to him he would be able to show that the defendant's machine is not the machine adjudicated upon and declared to be an infringement of the plaintiff's patent in the former action. On these statements the court is asked to allow the defendant time to show that his machine is unlike the one already adjudged to be an infringement of the patent. No reason is given why the defendant does not himself swear to the dissimilarity of his machine, or why some competent machinist does not do so, nor are any dissimilarities pointed out. It must, therefore, for the purposes of this application, be regarded as established that the defendant's machine is an infringement of the plaintiff's patent.

An attempt is made, by affidavit, to show that a portion of the evidence on the part of the defendants in the former suit, was not before the judge who decided the cause, and that such evidence was material, and that if such evidence had been considered, the result in the case would have been different. The evidence referred to is a patent granted in England to Henry Oswald Weatherley, November 14, 1825, for "machinery for cutting wood, and forming the same into bundles." But it appears by a certificate from the judge by whom the case was heard and decided, that the patent was in evidence before him on the trial and decision of the case. It was put in to affect the validity of the plaintiff's patent on the question of novelty, and it is one of several patents which the court, in its opinion, given in that case, referred to in these words: "I have examined the various patents put in evidence to antedate

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission. 1 Am. Law T. Rep. U. S. Cts. 42, contains only a partial report.]

plaintiff's invention, and compared them with it, but I find none which in my judgment, embraces the same combinations and arrangements." In this connection an affidavit is put in, made by an expert, who was a witness on the part of the defendants in the former suit, to the effect that before he was examined as a witness in that case, he had ascertained, by an actual experiment, which was satisfactory, that it was practicable to feed wood to the splitting-knife by the means shown in the Weatherley patent; that such experiment consisted in the temporary alteration of a machine built according to the plaintiff's patent, so that the carrying-apron would transfer the wood upon a fixed table, and would push it forward thereon in the same manner as in the Weatherley patent; that this experiment proved to the full satisfaction of the witness that such mode of feeding forward, to wit: the pushing the wood along on a plate or table by the force transmitted from a quantity of wood behind it, which latter wood is carried on an apron, is practicable, and may be made to perform with complete success with ordinary mechanical skill, and without the aid of invention; that this experiment was not proved in the former case, the witness not having been asked the reason for his confidence in the practicability of the Weatherley mode of feeding; that he, the witness, believes that the omission to fully prove the practicability of the Weatherley mode of feeding was a principal cause of the loss of the case by the defendants; and that since the hearing of that case several machines have been constructed and put in successful use in the city of New York, which feed the wood to the knife in precisely the manner shown in the Weatherley patent, that is, by its being pushed forward to the knife upon a table by the pressure of the wood behind it.

I have examined the testimony given by this witness and the other witnesses in the former suit, and also the Weatherley patent. The experts on both sides gave their views very fully as to the Weatherley patent. It is quite apparent that the Weatherley machine was a different machine from that of the plaintiff's. The object of it was to split kindling wood, and it was patented in 1825, but it did not appear that any machine had been practically used for the purpose until the plaintiff's machine was patented in 1855. The Weatherley machine has splitting-knives, and a bed to resist the splitting action of the knives, and a moving carriage to convey the blocks of wood, and a clearing plate. All these elements are in the plaintiff's machine. But the combination and arrangement of them in the two machines are altogether different, as is apparent from the evidence of the experts. In the plaintiff's machine the moving carriage carries the block of wood to the knives, and ceases moving during the splitting ac-

tion, so as to permit that action, and then resumes its progress, and thus carries the block away after it is split. In the Weatherley machine the moving carriage merely carries the block to the edge of the fixed bed, to which it is transferred from the moving carriage, and over the surface of which it is pushed by the forward motion of the block next behind it to the place where it it to be split. As, therefore, the feeding and carrying arrangement in the Weatherley machine is so widely different from the feeding and carrying arrangement in the complainant's machine, it is of no consequence to show, by experiment or otherwise, that it is practicable to feed and carry the wood in the manner shown in the Weatherley patent; and if, as the witness now swears, machines are in successful use which feed the wood to the knife in precisely the manner shown in the Weatherley patent, they may be freely used, if they do not embody any of the claims of the plaintiff's patent.

It is urged that the defendant is perfectly responsible, and is willing to give security for the payment of any decree that may be obtained against him on final hearing, and that a provisional injunction ought to be withheld. But where, as here, the patent has been sustained on full hearing, and the infringement is clear, and especially where the very form of machine used by the defendant has been passed upon by the court on the question of infringement, the complainant is entitled to have his rights promptly protected by injunction. An injunction must issue as prayed for.

[NOTE. There was a decree for complainant and a reference to a master. On the coming in of the report, exceptions were taken thereto, and it was referred back for additional proofs. Case No. 3,122.

[The master again reported, and the report was confirmed, and a final decree entered for complainant. From this decree, defendant appealed to the supreme court, where the decree of the circuit court was affirmed.

[For grounds of affirmation by the supreme court, see note to Case No. 3,122.

[For other cases involving this patent, see note to Conover v. Roach, Case No. 3,125.]