FREDERICK SCHROEDER *vs.* SOPHIA LAHRMAN.

June 16, 1879.

**Estoppel of Judgment.**—If, in any case, one not a party of record, nor in privity with a party of record to a judgment, may avail himself of the judgment as an estoppel, on the ground that he in fact defended the action resulting in the judgment, he must not only have defended that action, but must have done so openly, to the knowledge of the opposite party, and for the defence of his own interests. That he employed the attorney who appeared for the defendant of record, and appeared as a witness for defendant, is not sufficient.

Appeal by plaintiff from a judgment of the district court for Scott county, where the action was tried before *Macdonald*, J., a jury being waived.

*Henry Hinds*, for appellant.

*H. J. Peck*, for respondent.

GILFILLAN, C. J. Ejectment for a quarter-section of land in Scott county. Among other defences, the answer alleged that this plaintiff brought an action against Frederick Lahr-

man, this defendant's husband, for the conversion of certain posts and rails, in which that defendant, in his answer, alleged that the posts and rails were unlawfully cut by the plaintiff from the land in controversy here, that Sophia Lahrman was the owner of the land, and that the defendant did the act complained of at her request; that this defendant appeared in person and by attorney in that action on the trial thereof, and defended the same in the name of said Frederick Lahrman; that her title to the land was tried in said action, and that judgment was therein rendered in favor of the defendant, on the ground that this defendant was the owner of the land. On the trial of this action by the court, without a jury, the court found the facts in respect to said defence to be as in the answer set forth, and on the ground that the plaintiff, as between him and this defendant, is estopped by the judgment in that action, gave judgment herein for defendant.

As to the appearance of this defendant in that action, the finding of fact is, that upon the trial of the action, "the defendant herein (Sophia Lahrman) appeared in person and by attorney, and defended said action in the name of said Frederick Lahrman, her husband." When used to designate the act of any person with reference to an action pending, the word "appear" means to come into court as a party to the suit. 1 Bouv. Law Dict. 127. The finding of the court herein indicates such an act by this defendant in the suit against her husband. But no such appearance was proved. The utmost that the evidence establishes is that she employed an attorney to defend the action, who appeared on the record as attorney for the defendant therein; that she was a witness for him on the trial, and that no notice was given that she defended or appeared as a party, or acted as such. Neither the court nor the plaintiff knew that she had any connection with the defence except as a witness.

The general rule is that a judgment operates as an estoppel only as between parties and their privies. There is a

class of cases which hold that one not a party of record, but who is virtually the party in interest in the matter in controversy, and who, as between him and defendant, has the right or is under obligation to defend the action, and who does, in fact, conduct the defence, is to be regarded as a party, for the purpose of giving effect to the judgment as an estoppel. These have generally been cases where the person conducting the defence, without being a nominal party, was a master whose servant was sued for an act done by his authority, and in which he was bound to indemnify him, or a creditor who was bound to indemnify a sheriff for an act done by his direction.    It may be doubted whether, with our statute, under which one virtually the party in interest may be admitted as a party of record, these decisions are applicable. But if they are applicable here, the person, not a party to the record nor a privy, against or in favor of whom it is sought to use a judgment as an estoppel, must not only, in fact, take part in the controversy, but must do so openly and to the knowledge of the opposite party, and for the defence of his own interests.    It would be anomalous in judicial proceedings that the rights of a party should be concluded as between him and one he does not know to be an adversary, and as to whom he does not submit his rights for adjudication.    The part taken by this defendant in the former suit was not such that she could be bound by or entitled to the benefit of the judgment.

Judgment reversed.