## LACROIX v. LYONS.[1]

*(Circuit Court, E. D. Louisiana.* January 11, 1888.)

JUDGMENT—RES ADJUDICATA—INFRINGEMENT SUIT—ACTION AGAINST DEFENDANT'S VENDEE.

Plaintiff sued to enjoin defendant from using the former's trade-mark. Defendant pleaded that in a previous suit upon the same grounds, to enjoin defendant's vendee from selling the article complained of, judgment had been rendered against plaintiff. *Held* that, for the judgment to be a bar to the maintenance of the present suit against defendant herein, it should also appear that he openly defended in his own interest the suit in which the judgment was rendered.

In Equity. Bill for injunction.

[1] Reported by Charles B. Stafford, Esq., of the New Orleans bar.

Suit for infringement of trade-mark by Leonide Lacroix against Joseph Lyons.

*Farrar & Kruttschmitt*, for plaintiff.

*Ernest T. Florance*, for defendant.

PARDEE, J. This cause has been submitted on the sufficiency of the plea filed by respondent. The original bill was filed in the civil district court for the parish of Orleans, as a petition under the state practice, and an injunction thereupon obtained, on the thirteenth day of September, 1884. This bill alleged in substance that petitioner had for many years manufactured cigarette papers, and had adopted as a trade-mark for the same a certain design described in the petition, and alleged in substance that said paper had been sold and offered for sale in the city of New Orleans and elsewhere, and furnished to jobbers by a firm known as May Bros., in the city of New York, either personally or through one Joseph Lyons, an agent. The usual allegations in suits for infringement of trade-marks follow, and the prayer of the petition was for an injunction against Lyons, restraining him from selling cigarette papers, pirating upon petitioner's trade-mark, and praying for an account of all profits made by Lyons from the sale of these cigarette papers.

After the removal of the cause to this court, and the reformation of the bill or petition, and after motions to remand and a demurrer have been overruled, defendant has filed a plea setting forth that in a certain cause between complainant and one Manuel Escobal, numbered 12,149 of the docket of the civil district court for the parish of Orleans, all the matters and things and issues presented in the complainant's bill herein were presented, and on the twenty-seventh day of April, 1885, were determined by a final decree of the supreme court against complainant, as will appear from a certified copy of the record in said cause, and of the decree therein, annexed to and made part of the plea; that the object and cause of action in the suit of *Lacroix* v. *Escobal* was the same as the object and cause of action in the bill of complaint herein. Defendant further shows that Manuel Escobal and defendant were privies in said cause of *Lacroix* v. *Escobal*, in this: that said Escobal did the acts alleged in the petition in said cause as the vendee of defendant in the cause herein; that said Escobal's right to do the acts complained of in said petition, which said acts were and are identical with the acts complained of as being and having been done by the defendant in the bill herein, was derived from and limited by the right of defendant herein to do said acts, and if said right be complete in defendant's vendee to do and perform said acts, then said right is complete in defendant to do and perform said acts, and defendant pleads the record and judgment as an estoppel of record against such portion of the bill of complaint as alleges an exclusive right in the complainant to use the alleged trade-mark claimed in said bill, and as *res judicata* as a bar to recovery in said bill. There is no averment in the said plea that Lyons was a party to the said cause, nor that he defended the same openly or otherwise, nor that his said relations with the defendant in that cause were known to the complainant.

Herman, in his work on Estoppel and Res Judicata, p. 157, says:

"A person not a party, but who takes upon himself the defense of a suit, is bound by the judgment, as where a vendor sells and warrants title to chattels, and assumes his vendee's defense. If one not a party of record, nor in privity with a party of record to a judgment, desires to avail himself of the judgment as an estoppel, on the ground that he in fact defended the action resulting in the judgment, he must not only have defended that action, but must have done so openly, to the knowledge of the opposite party, and for the defense of his own interests. That he employed an attorney who appeared for the defendant of record, and appeared as a witness for the defendant, is not sufficient."

And to the same effect is Bigelow, (4th Ed.,) 99, where the author says:

"And parties, it is said, must be openly such; there can be no secret parties in benefit, unknown to the adverse side."

In *Schroeder* v. *Lahrman* the supreme court of Minnesota held that—

"The general rule is that a judgment operates only as between parties and their privies. There is a class of cases which hold that one not a party of record, but who is virtually the party in interest in the matter of controversy, and who, as between him and defendant, has the right or is under obligation to defend the action, and who does, in fact, conduct the defense, is to be regarded as a party for the purpose of giving effect to the judgment as an estoppel. These have generally been cases where the person conducting the defense, without being a nominal party, was a master whose servant was sued for an act done by his authority, and in which he was bound to indemnify him, or a creditor who was bound to indemnify a sheriff for an act done by his direction. It may be doubted whether, within our statute, under which one virtually the party in interest may be admitted as a party of record, these decisions are applicable. But if they are applicable here, the person not a party to the record, nor a privy against or in favor of whom it is sought to use a judgment as an estoppel, must not only, in fact, take part in the controversy, but must do so openly, and to the knowledge of the opposite party, and for the defense of his own interests. It would be anomalous in judicial proceedings that the rights of a party should be concluded as between him and one whom he does not know to be an adversary. and as to whom he does not submit his rights for adjudication. The part taken by this defendant in the former suit was not such that she could be bound by or entitled to the benefit of the payment." 26 Minn. 87, 1 N. W. Rep. 801.

From these authorities it seems clear that for the judgment pleaded to be a bar to the maintenance of the present suit, it is not sufficient "that said Escobal did the acts alleged in the petition in said cause as vendee of defendant herein; that said Escobal's right to do the acts complained of in said petition, which said acts were and are identical with the acts complained of as being and having been done by defendant herein, was derived from and limited by the right of defendant herein to do said acts." To be a bar in favor of or against Lyons, the defendant herein, "it should also appear that he openly defended in his own interest the suit in which the judgment was rendered."

As the plea does not state all the facts necessary to render it a complete defense, and as all intendments are against the pleader, it is insufficient and will be so adjudged. See Story, Eq. Pl. § 665; 1 Daniell, Ch. 611.