## CRAMER v. SINGER MFG. CO.[1]

(Circuit Court of Appeals, Ninth Circuit. February 13, 1899.)

### No. 472.

JUDGMENTS—PARTIES ESTOPPED—ASSUMING DEFENSE.

If one not a party of record, nor in privity with a party of record, desires to avail himself of the judgment as an estoppel on the ground that he in fact defended the action, he must not only have defended it, but must have done so openly, to the knowledge of the opposite party, and for the defense of his own interests. That he employed the attorneys for the defendant, and paid all the expenses of the defense, will not avail him, where this was not known to the plaintiff.

In Error to the Circuit Court of the United States for the Northern District of California.

The plaintiff in error was the plaintiff in an action brought against the Singer Manufacturing Company for the infringement of letters patent No. 271,426, for an improvement in treadles for sewing machines, issued January 30, 1883, to Herman Cramer. The defendant, among other defenses, pleaded that, in an action brought on May 31, 1893, jointly against the defendant and one Willis B. Fry for infringement of the same patent, from which action the present defendant had been dismissed for want of service upon it, a verdict and judgment had been rendered in favor of the said Willis B. Fry, and against the plaintiff, which was a bar to the present action. Upon the trial in the circuit court, before Judge Beatty, the defendant, in support of its defense of a former adjudication, produced in evidence the judgment roll in the same court in the case of Cramer v. Manufacturing Co., 59 Fed. 74, and the opinion of Judge McKenna, before whom said cause was tried; and supplemented the same with the testimony of Willis B. Fry, who testified that he was, when said action was commenced, and ever since had been, the general agent of the Singer Manufacturing Company for the entire Pacific coast; that the business of the company was selling sewing machines; that the Singer Manufacturing Company paid the expenses of the defense in that suit, and paid the defendant's attorney's fees; that, in taking depositions for the defense in the East, the company, at his request, furnished him the models and the information necessary for his defense; that he did not personally furnish his own counsel; that the counsel were in the case at the start, and continued after the Singer Manufacturing Company was dismissed; that, at the time, he did not know about the expense, but when the bills were finally paid they were paid by the company; that he never paid a single dollar of the expense of defending that suit out of his own funds; that he had no agreement or understanding with the company that they were to reimburse him if he were mulcted in damages; that he made no arrangements with them regarding it; that he was present at all times during the trial, and testified as a witness, and assisted counsel in the preparation of the defense, and assisted them in looking up evidence, by seeing experts, and employing people for the purpose of hunting up machines; that some of the bills may have been paid from the San Francisco office; that, during all the time he acted as agent of the company, he received a salary, and also a commission on the account of sales made by him in his territory. On the evidence so offered, the court instructed the jury to return a verdict for the defendant, upon the ground that the judgment in the case of Cramer v. Manufacturing Co. was a bar to the present action.

J. H. Miller and Crittenden Thornton, for plaintiff in error.
Chas. K. Offield and Wheaton & Kalloch, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

[1] Rehearing denied May 23, 1899.

GILBERT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The principal question presented on the writ of error is whether the circuit court erred in ruling that, upon the evidence adduced by the defendant, the judgment in favor of the defendant in the case of Cramer v. Manufacturing Co. is res judicata as to the present suit. That judgment was held to be binding upon the plaintiff in this action, not for the reason that the Singer Manufacturing Company was in privity with Fry, or sustained such relation to him that it was bound by a judgment against him, but for the reason that it took an active part in the defense of that action and paid the expenses thereof. In so holding, the circuit court applied the well-settled rule that one who, for his own interests, assumes the defense of an action, is bound by the judgment as if he had been a party thereto or in privity with the defendant. But it must not be overlooked that the rule is subject to the limitation that, in order that one not a party who has assumed the burden of the defense of an action shall be bound by the judgment therein rendered, his connection with the defense must be open and known to the opposite party. In Herm. Estop. 157, it is said:

"If one not a party of record, nor in privity with a party of record, to a judgment, desires to avail himself of the judgment as an estoppel, on the ground that he in fact defended the action resulting in the judgment, he must not only have defended that action, but must have done so openly, to the knowledge of the opposite party, and for the defense of his own interests. That he employed an attorney who appeared for the defendant of record, and appeared as a witness for the defendant, is not sufficient."

The same doctrine is found in 2 Black, Judgm. § 540; Freem. Judgm. § 189; Andrews v. Pipe Works, 22 C. C. A. 110, 76 Fed. 166; Lacroix v. Lyons, 33 Fed. 437; Schroeder v. Lahrman, 26 Minn. 87, 1 N. W. 801; Association v. Rogers, 42 Minn. 123, 43 N. W. 792; Allin's Heirs v. Hall's Heirs, 1 A. K. Marsh. 425.

On referring to the evidence in the present case, it will be seen that it falls short of showing that the Singer Manufacturing Company had such relation to the defense in the case of Cramer v. Manufacturing Co. that it can plead the judgment in that case in bar of this action. So far as the evidence discloses the facts, the company's connection with the former litigation was secret. The company was not present in court, nor was its participation in the defense open and apparent. The defense was conducted by Fry and his attorneys. That the company defrayed the expenses of the defense, and paid the defendant's attorneys, is not shown to have been known to the plaintiff. It is not even shown that the company at any time bound itself to Fry or to his attorneys to pay any portion of the cost of the litigation, or to assist therein. The plaintiff was not chargeable with notice of the company's connection with the case from the mere circumstance that the attorneys who, at the beginning of the suit, appeared for both defendants, subsequently conducted the defense on behalf of Fry. Even if that circumstance, by itself, were sufficient to convey some kind of notice to the plaintiff of the company's interest in the suit, its effect was more than overcome by

the fact that the company, although it was originally made a party defendant, declined to be a defendant, and availed itself of its right to cause the action to be dismissed as to itself, and withdrew from the open connection with the case. There was in this fact a distinct intimation to the plaintiff that the company desired to place itself in an attitude where it should not be bound by any judgment that might be rendered in that case, but would be left free to liti- gate its rights thereafter. This was further evidenced by the fact that, by the terms of the judgment entry then made, the action was dismissed as to the Singer Manufacturing Company, "without prejudice to the right of plaintiff to commence another suit for the same cause of action." The rule announced by the authorities above cited is supported by sound reason, and its justice is illus- trated by its application to the facts of the present case. The plaintiff sued for a large sum of money as damages for infringe- ment of his patent. He attempted to recover the same from the Singer Manufacturing Company and its agent. The company as- serted its right to withdraw as a party defendant, for want of le- gal service upon it. Numerous reasons suggest themselves why its subsequent relation to the defense—a relation which was secret and undisclosed to the plaintiff—should not now operate to prevent his recourse against it. Estoppels must be mutual. If Cramer had obtained a judgment against Fry in the former action, by what means could he have enforced it against the Singer Manufacturing Company? How could he have known, or, if he suspected such to be the case, how could he have proven, that that corporation se- cretly aided the defense and paid the expenses thereof? Again, circumstances may readily be conceived under which the plaintiff, in an action such as this, might be unwilling or unable to incur the expense of a thorough vindication of his rights, as against an infringer's agent who might be without the means to meet a judg- ment for the damages, and whose principal was not known to be so identified with the defense as to be bound by the conclusion of the suit. This view of the principal point in the case renders it unnecessary to consider the other assignments of error. We think the circuit court erred in instructing the jury to return a verdict for the defendant. The judgment will be reversed, and the cause remanded for a new trial.