WESTINGHOUSE ELECTRIC & MFG. CO. v. JEFFERSON ELECTRIC
LIGHT, HEAT & POWER CO.

(Circuit Court, W. D. Pennsylvania.    March 28, 1904.)

No. 13.

1. RES JUDICATA—MUTUALITY OF ESTOPPEL—BURDEN OF PROOF.
   To entitle a defendant to plead in bar a former judgment to which it
   was not nominally a party, on the ground that it in fact defended the
   action, it has the burden of showing that its part in the defense was open
   and known to the other party, so that the estoppel is mutual.

2. PATENTS—INJUNCTION AGAINST INFRINGEMENT—ELECTRIC MOTORS.
   A preliminary injunction granted restraining infringement of the Tesla
   patents, Nos. 511,559 and 511,560, for an electric motor, and a method of
   transmitting electrical power, on prior adjudications sustaining the valid-
   ity of said patents and admitted infringement by defendant.

In Equity.   Suit for infringement of letters patent Nos. 511,559
and 511,560, relating to electric motors, granted to Nikola Tesla,
December 26, 1893.   On motion for preliminary injunction.

Kerr, Page & Cooper and T. W. Bakewell, for complainant.
Arthur Keithley, for respondent.

BUFFINGTON, District Judge.   This is an application by the
Westinghouse Electric & Manufacturing Company for a preliminary
injunction against the Jefferson Electric Light, Heat & Power Com-
pany to enjoin infringement of Nikola Tesla patents, Nos. 511,559 and
511,560.   These patents were sustained by the Circuit Court of Ap-
peals for the Sixth Circuit, in the case of the Dayton Fan & Motor
Company v. Westinghouse Electric & Mfg. Co., 118 Fed. 562, 55
C. C. A. 390, by Judge Archbald, sitting in the Eastern District of
Pennsylvania, and by Judge Hazel, sitting in the Western District of
New York.   The Diamond Meter Company, the maker of the meter
complained of, appears in the present case and resists the grant of a
preliminary injunction.   It is conceded the meter is an infringement
of said patents.   All the requisites to entitle the complainant to a
preliminary injunction therefore appear.   Putnam v. Keystone Co.
(C. C.) 38 Fed. 234;   Conover v. Mers, 3 Fish. Pat. Cas. 386, Fed.
Cas. No. 3,123.   The Diamond Meter Company, while conceding the
general right of the complainant to an injunction by reason of the
foregoing adjudications of these patents, contends it is relieved from
the effect thereof by reason of an adverse decree against the com-
plainant in a bill in equity brought by it against the Catskill Illumi-
nating & Power Company (C. C. A.) 121 Fed. 831.   Res adjudicata
constitutes a valid defense, but the burden of establishing it rests on
the respondent.   3 Robinson, §§ 983, 1046.   Inasmuch as the Dia-
mond Meter Company was not a party to or appeared on the record
in that case, but bases its plea of estoppel and res adjudicata on the
fact that it defended the same, the law is clear that such defense, in
order to constitute an estoppel, must not only have been made by it,
but it must have been done openly and to the knowledge of the other
party, and this in order that the estoppel be mutual.   La Croix v.
Lyons (C. C.) 33 Fed. 439;   Herman on Estoppel, p. 157;   Bigelow on

Estoppel, p. 99; Cramer v. Singer Mfg. Co., 93 Fed. 636, 35 C. C. A. 508; Lane v. Welds, 99 Fed. 286, 39 C. C. A. 528; Walker on Patents, § 468; Litchfield v. Goodnow, 8 Sup. Ct. 210, 123 U. S. 550, 31 L. Ed. 199. Tested by these authorities, we think the Diamond Meter Company has not shown that its defense in the Catskill Case was openly made, and with the knowledge of the complainant, and that therefore such case is not res adjudicata as between it and the complainant. The facts were as follows: The latter filed a bill in equity against the Catskill Illuminating & Power Company charging infringement of these patents in the use of a Shaffer meter made by the Diamond Company. The Diamond Meter Company was not a party to the cause and did not appear on the record. On August 22, 1901, Judge Lacombe at circuit sustained the validity of the patents. Thereupon the complainant company, in the latter part of 1901, began suit against the Diamond Meter Company in the United States Circuit Court in Illinois charging infringement of these patents. On January 25, 1902, the solicitor for the meter company filed an answer, sworn to by the secretary of the company, in which it was stated:

"This defendant is not informed, save by the allegations in said bill of complaint, whether the alleged suit against the Catskill Illuminating & Power Company was begun, prosecuted, and decided as alleged in said bill of complaint. It therefore denies, on information and belief, that any such proceedings in manner and form alleged were had, and denies that it was formally agreed and undertaken to secure the said Catskill Company, not only against the expense of all legal proceedings in the said alleged suit, but also all loss by reason of any judgment for damages and profits which may be entered against defendant in said alleged suit. And this defendant, therefore, denies that it was privy to said alleged suit against said Catskill Company, and that all questions alleged to have been passed upon in said suit are res adjudicata as between the parties hereto."

On April 20, 1903, this suit was discontinued. On February 25, 1903, the decision of Judge Lacombe, reported at 110 Fed. 377 (C. C.), was reversed by the Circuit Court of Appeals (121 Fed. 831, 58 C. C. A. 167) on grounds which, as will be noted, were successfully met in the later cases in the Sixth and other circuits. On March 21, 1903, which was after the opinion of the Circuit Court of Appeals was announced, but before a reversing decree therein was entered, a letter was addressed by Mr. Seward Davis to Judge Wallace (who had sat in the case in the Court of Appeals), and to complainant's counsel, resisting an application to withhold sending down the mandate. In such letter this statement is made: "The grounds of complainant's counsel to you were the importance of the case to the complainant. On behalf of the defendants it is submitted that the matter is of still greater importance to the Diamond Meter Company, which is the manufacturer of the meter involved herein and which has defended the suit." In the present case affidavits are presented by the secretary of the Diamond Meter Company who made the affidavit to the answer in the Illinois case above noted, and by the solicitor who filed such answer, setting forth that the Diamond Meter Company assumed the defense of the Catskill Case. There is no allegation, however, in such affidavits, that the Diamond Company informed complainant it was defending the suit or authorized the

Catskill Company to do so. The only allegation in that respect is: "I am informed and believe that the said Catskill Company or its representative notified said complainant or its representative of that fact," and "that the said complainant, the Westinghouse. Electric & Manufacturing Company, knew that the said Diamond Meter Company was making and conducting that defense." We have seen, however, that the defense of a suit by one not a party is not of itself sufficient to constitute the case res adjudicata as to such defending party. La Croix v. Lyons, supra, and case cited. The opponent must be informed of the fact; the estoppel must be mutual. It will be noted as above that there is no allegation the Catskill Company was authorized to notify complainant that the Diamond Meter Company was defending that case, or to place the Diamond Meter Company in that relation to it, or that the Diamond Company itself notified the complainant it was defending the cause. Moreover, there is no allegation that such notice as was given was conveyed to any officer of the complainant company whose relation was such that notice to him constituted notice to the company. Indeed, all the allegations made are consistent with the fact that the Diamond Company was simply defending the suit—a thing it could do without binding itself by the decree. And the letter of March 21, 1903, is in keeping. with that view. It simply states the Diamond Meter Company had defended the suit, and the fact that one of the judges of the appellate court was then informed of that fact rather tends to show that the connection of the Diamond Meter Company had not been disclosed before. In view of the open and unequivocal stand the Diamond Meter Company took in the Illinois case, its sworn answer that the Catskill Case was not res adjudicata as to it, and the absence of all specific averment that the complainant was informed of its defense of the Catskill Case, we are of opinion the Diamond Company has not shown on this application that the matters here involved became as to it res adjudicata by the decree in such case. Such being the situation, the right of the complainant to an injunction is clear.

In view of the fact that the immediate issue of such injunction might work hardship to innocent users, we will, if desired, hear counsel as to form of decree before entering same.