JEFFERSON ELECTRIC LIGHT, HEAT & POWER CO. v. WESTINGHOUSE ELECTRIC & MFG. CO.

(Circuit Court of Appeals, Third Circuit. January 16, 1905.)

No. 44.

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction should not be granted where the defendant in a suit for infringement is merely a user of the alleged infringing device, and it is not shown that irreparable injury or any special injury will result to complainant from its continued use, and where the preliminary proofs on a defense of res judicata pleaded leave the question in serious doubt.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Arthur Keithley, for appellant.

Thomas W. Bakewell, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

PER CURIAM. This is an appeal from an order awarding a preliminary injunction upon a bill filed by the Westinghouse Electric & Manufacturing Company against the Jefferson Electric Light, Heat & Power Company, charging the defendant with infringement of two patents for the electrical transmission of power. 128 Fed. 751. The defendant (here the appellant) was the user of alleged infringing meters manufactured by the Diamond Meter Company, of Peoria, Ill., and its alleged infringement consisted altogether in such use. The defendant set up by plea the defense of res adjudicata, based upon a decree of the United States Circuit Court of Appeals of the Second Circuit (121 Fed. 831, 58 C. C. A. 167), in a suit on the same patents, brought by this complainant against the Catskill Illuminating & Power Company, which decree adjudged each of the patents to have been anticipated by earlier inventions, and therefore to be void; and the plea further averred that the Diamond Meter Company manufactured and sold to the Catskill Illuminating & Power Company all the meters described in the bill against that company, and agreed to and did defend that suit (including the proceedings in the Circuit Court of Appeals) at its own expense, and to the knowledge of the complainant. This defense was supported by proofs which included the complainant's own admission in a bill which it filed against the Diamond Meter Company in the Circuit Court of the United States for the Southern Division of the Northern District of Illinois. The case, it is probable, will ultimately turn upon this defense of res adjudicata. The preliminary proofs relating thereto are very conflicting. The defendant is a mere user of these meters. No irreparable injury, or, indeed, any special injury, to the complainant from the defendant's use of the meters, is alleged or shown. Under the circumstances, then, we think that the court should have forborne to act until full proofs were before it.

Without intending to intimate any opinion upon the merits of the case, we will reverse the order granting a preliminary injunction. And it is so ordered.