WESTINGHOUSE ELECTRIC & MFG. CO. v. JEFFERSON ELECTRIC LIGHT, HEAT & POWER CO.

(Circuit Court, W. D. Pennsylvania. February 24, 1905.)

No. 13.

1. RES JUDICATA—MUTUALITY OF ESTOPPEL—REFUSAL TO DISCLOSE CONNECTION WITH SUIT.

A defendant cannot plead in bar to a suit for infringement a prior judgment, to which it was not nominally a party, on the ground that it in fact defended the action, where during its pendency, and until after the decision of the appellate court in favor of the defendant therein, it persistently refused to admit its connection therewith, and also during such time in another suit filed a sworn answer denying such connection.

2. PATENTS—INJUNCTION AGAINST INFRINGEMENT—ELECTRIC MOTORS.

A preliminary injunction granted restraining infringement of the Tesla patents, Nos. 511,559 and 511,560, for a method of transmitting electrical power and an electric motor, on prior adjudications sustaining such patents and admitted infringement by defendant.

In Equity. Suit for infringement of letters patent Nos. 511,559 and 511,560 for a method of transmitting electrical power and for an electric motor, granted to Nikola Tesla December 26, 1893. On plea and motion for preliminary injunction.

Kerr, Page & Cooper and Bakewell & Byrnes, for plaintiff.
Keithley & Arthur, for respondent.

BUFFINGTON, District Judge. This case was before us on an application for a preliminary injunction, which the court granted, filing an opinion reported at 128 Fed. 751. On removal to the Circuit Court of Appeals this order was reversed in an opinion reported at 134 Fed. 392, that court saying:

"Under the circumstances, then, we think that the court should have forborne to act until full proofs were before it. Without intending to intimate any opinion upon the merits of the case, we will reverse the order granting a preliminary injunction."

Thereafter proofs were taken, and the cause is before us for final hearing. By consent of counsel the motion for a preliminary injunction is here renewed, based on the affidavits on file and on the proofs taken on the plea of res adjudicata. A study of the proofs satisfies us the plea must be overruled and an injunction issued. These proofs show that during the pendency of the Catskill Case there was an earnest effort on the part of the complainant to connect the Diamond Meter Company with that litigation, in order to have the patent litigated in an eastern circuit. The declination of the complainants to sue the company in the western circuit suggested by the counsel for the Diamond Meter Company was based on the supposed theory that patents were more favorably regarded by the eastern courts. Whether groundless or otherwise, it is clear that such views were held, and in accordance therewith the complainants were anxious to draw the Meter Company into the litigation in the Catskill Case. There were many surface indications which pointed toward the theory that the Diamond Meter Company was the real defendant in that case, and counsel for complainant frankly say they were convinced such was the case, although they were not able to prove it. All efforts on their part to procure from counsel for the respondent in that cause an admission that they really represented the Diamond Meter Company were, in our view, met by studied silence when an opportunity was given counsel who really repsented the Diamond Meter Company to define their relation to that litigation. No blame can attach to them for so doing, but their then action was wholly at variance with the position the company now takes of availing itself of an alleged relation to that litigation which they then failed to take when requested to do so. Their failure to give any information on the subject naturally excited the suspicion of the counsel of the other side, who became convinced, if a bill were filed against the Diamond Meter Company, it would, by its answer, be forced to concede it was defending the Catskill Case. Accordingly, after the decision of Judge Lacombe, complainant filed a bill in the Northern District of Illinois, alleging the connection of the Diamond Meter Company with the Catskill Case. To this bill the Diamond Meter Company made answer that:

"This defendant is not informed, save by the allegations in said bill of complaint, whether the alleged suit against the Catskill Illuminating & Power Company was begun, prosecuted, and decided as alleged in said bill of complaint. It therefore denies, on information and belief, that any such proceedings in manner and form alleged were had, and denies that it was formally agreed and undertaken to secure the said Catskill Company not only against the expense of all legal proceedings in the said alleged suit, but also all loss by reason of any judgment for damages and profits which may be entered against said defendant in said alleged suit. And this defendant therefore denies that it was privy to said alleged suit against said Catskill Company, and that all questions alleged to have been passed upon in said suit are res adjudicata as between the parties hereto."

Just how this answer could be truthfully made in view of the now conceded fact the Diamond Meter Company had undertaken the defense of that case, had employed counsel, and was expending large sums of money in contesting it, we are not called upon to discuss. It suffices to say that it was an explicit denial of the participation of the

company in that litigation.   The litigation in the Catskill Case was then pending, and the case had not been reviewed by the appellate court. Here was an unequivocal opportunity for the meter company to disclose its connection with the case "openly and to the knowledge of the other party, and this in order that the estoppel be mutual."   Lacroix v. Lyons (C. C.) 33 Fed. 439; Herman on Estoppels, 157; Bigelow on Estoppel, 99; Cramer v. Singer Manufacturing Company, 93 Fed. 636, 35 C. C. A. 508; Lane v. Welds, 99 Fed. 286, 39 C. C. A. 528; Walker on Patents, 358; Litchfield v. Goodnow, 123 U. S. 550, 8 Sup. Ct. 211, 31 L. Ed. 235.   Not only did it fail to do so, but it denied in fact that it was privy thereto.   To say that the complainant was in equal fault in making an allegation to the contrary in its bill, and that its averment therein is also at variance with its present contention, does not affect the force and significance of the meter company's answer.   The complainant's bill would, of necessity, be based on expected proof, and in point of fact it seemed to have been based on a well-grounded suspicion, and on deductions which, had it been able to establish by proof of facts, would have connected the meter company with the Catskill Case.   However, its allegation of that fact did not conclude the meter company, or determine its relation.   But the answer of the meter company was based on facts within its own knowledge, and on acts which it either had or had not done.   When, therefore, it denied any knowledge of the suit—"This defendant is not informed save by the allegations in said bill of complaint whether the alleged suit against the Catskill Illuminating & Power Company was begun, prosecuted, and decided as alleged in said bill of complaint," is its averment—the contention of the complainant is that it regarded the effort to connect the meter company with the Catskill Case futile.   Certainly it does not lie in the mouth of the meter company to complain if the court adopts this sworn statement of its attitude toward the then pending litigation, as showing it was not avowing its connection therewith, and as evidencing its unwillingness to be bound as a party or privy thereto.   And that status is permitted to stand unchanged during the ensuing 15 months, and while the litigation proceeded.   After the reversal of Judge Lacombe's decision, and when it became its interest to avail itself of its concealed and denied connection with the litigation which was then over (for it only lacked the entering of a formal decree), such disclosure was made in a letter to one of the judges.   To our mind it is clear that its action at that late date could not avail to affect the character of the prior litigation, and, inasmuch as this was the first time its defense of the case was openly avowed, and in point of fact really known to the other party, the case was not res adjudicata as between them, and the respondent's plea fails for lack of adequate proof.

An order will therefore be made overruling the plea and granting an injunction.