FIRST NATIONAL BANK OF ELGIN, APPELLEE, V. TOM ADAMS ET AL., APPELLANTS.

FILED DECEMBER 5, 1908. No. 15,340.

1. **Replevin:** EVIDENCE. In the absence of any direct evidence to the contrary, possession is *prima facie* presumptive evidence of ownership; but, when direct evidence is offered, the fact of possession loses its presumptive character, and is to be considered only in connection with the other facts at its real probative value.

2. **Appeal:** ASSIGNMENTS OF ERROR. Under the practice established by

54

the statute of 1907 (laws 1907, ch. 162), where the printed brief of the appellant particularly sets out the error in giving a specified instruction alleged to be erroneous, such error will not be disregarded because, in the assignments of error filed in this court by the appellant, the only specification of such error was that made to a group of several instructions, of which this was one.

APPEAL from the district court for Antelope county: JOHN F. BOYD, JUDGE. *Reversed.*

*S. D. Thornton* and *O. A. Williams,* for appellants.

*Jackson & Kelsey, contra.*

CALKINS, C.

This was an action in replevin by plaintiff to recover possession of two horses. The plaintiff alleged a special interest in the property by virtue of a chattel mortgage executed by the defendant Wright, and the answer of the defendant Adams, from whose possession the property was taken by the writ, was a general denial. There was a trial to a jury, and a verdict for the plaintiff, and from a judgment rendered thereon defendant Adams appeals.

1. The defendant complains of error in the instructions given by the court on its own motion. The most serious objection is that made to instruction No. 8, which was: "You are instructed that if the horses replevied were in the actual possession of O. K. Wright when the mortgage was given, and were included in the mortgage, such possession would be presumptive evidence of ownership." An examination of the evidence discloses the fact that the real question at issue was whether the property replevied was owned at the time of the execution of the mortgage by Wright or by Adams; and, while we think there was evidence enough to support a verdict that the property belonged to Wright, there was testimony very strongly tending to show that it was really the property of Adams at the time of the execution of the mortgage. There is a presumption of ownership from the possession of prop-

erty; but this obtains only in cases where there is no actual evidence of ownership. A presumption means a rule of law that courts and judges shall draw a particular inference from a particular fact, or from particular evidence, unless and until the truth of such inference be disproved. Stephen, Digest of the Law of Evidence, art. 1, p. 4; *Reynolds v. State,* 58 Neb. 49; *Blaco v. State,* 58 Neb. 557. When evidence of actual ownership is introduced, the fact of possession loses its presumptive character. If, under the circumstances shown, possession in one party is inconsistent with the ownership in the other, it may be considered at its probative value. If the circumstances of possession by one are consistent with the ownership of the other, it has no force whatever. In this case both parties introduced evidence of actual ownership. The possession in Wright was not inconsistent with the facts tending to show ownership in the defendant. The instruction given was likely to lead the jury to give great weight to the fact of possession by Wright, when such fact might be entitled to but little consideration.

2. While in the motion for a new trial the above mentioned instruction was separately objected to, in the typewritten assignments of error filed in this court the only objection to this instruction was that made to a group of several, of which this was one. The plaintiff does not in its brief defend the giving of this instruction, but depends upon the rule, so often announced by this court, that an assignment of error directed against a group of instructions is insufficient, and will be considered no further than to ascertain that any one of such instructions was properly given. In cases brought to this court by petition in error this question was too well settled to be disturbed; but the act of 1907, which provides for appeals to the supreme court in civil cases (laws 1907, ch. 162; code, secs. 675-675e), if it does not change this rule, renders it inapplicable to cases now brought to this court upon appeal. Section 4 of the act in question provides: "The supreme court shall by general rule provide for the

filing of briefs in all causes appealed to said court. The brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation or modification of the judgment, decree or final order alleged to be erroneous; but no petition in error or other assignment of errors shall be required beyond or in addition to the foregoing requirement. The supreme court may, however, at its option, consider a plain error not specified in appellant's brief." At the time of the enactment of this statute parties were, by a long-standing rule of this court, required to furnish printed briefs of their points, and citations in support thereof, to the opposite party, and such briefs were to be filed with the clerk of this court. No other or different briefs had ever been required, and these were undoubtedly in the mind of the legislature when this statute was enacted. It provides, as we have seen, that the briefs shall set out particularly each error asserted and intended to be urged, and that no petition or other assignment of error shall be required in addition thereto. We are satisfied that it was the intention of the legislature to simplify the practice in bringing cases to this court, and to require no other assignments of error than those prescribed to be inserted in the printed briefs.

Other errors are assigned, but as they are not likely to recur upon another trial it is unnecessary to notice them.

For the reasons above stated, we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

Root, C., concurs.

By the Court: For the reasons above stated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.