W. W. COCKINS, APPELLEE, v. BANK OF ALMA ET AL., APPELLANTS.

FILED JUNE 11, 1909.   No. 15,661.

1. **Garnishment:** RIGHTS OF ASSIGNEE. Service of summons in garnishment upon a debtor of a solvent attachment defendant will not revoke an authority theretofore given by said defendant to his debtor to pay a part of said debt to a person not a party to the attachment suit.

2. ———: ———. And in such a case the debtor will be justified in acting upon said instructions, if he retains in his hands twice the amount of the attaching creditor's demand.

3. **Judgment:** PARTIES. The mere fact that a person not a party to a pending suit employs counsel to assist in the defense thereof will not make him a party or privy to such proceedings, non estop him from questioning the issues determined therein.

4. **Pleading:** VARIANCE. "There can be no recovery if there is a material variance between the allegations and the proof. The *allegata et probata* must agree." *Elliott v. Carter White-Lead Co.,* 53 Neb. 458.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Reversed with directions.*

*Gomer Thomas* and *J. G. Thompson,* for appellants.

*John Everson, contra.*

Root, J.

Action for alleged conversion of plaintiff's money. Plaintiff prevailed, and defendants appeal.

In March, 1905, plaintiff resided in Lawrence, Kansas, and owned a farm near Alma, Nebraska, extending across the state line into Kansas. About 1903 he authorized defendants Porter & Griffen, who are in the real estate business in Alma, to sell said land. March 22, 1905, Porter & Griffen telegraphed and telephoned plaintiff that they had sold his land subject to his approval for $40 an acre. Plaintiff wired his acceptance of the sale, and went to Alma, arriving there in the forenoon of the 25th. Plaintiff had also listed his land for sale with Gaumer & Harbaugh, real estate agents residing in Woodruff, Kansas, ten miles distant from Alma. Before closing the deal through Porter & Griffen, plaintiff talked with Mr. Harbaugh, who claimed that his firm, and not said defendants, had made the sale, and thereafter, after again talking with the Alma men, plaintiff entered into a contract with the purchaser and received $2,800 cash. Plaintiff then went to the place of business of defendant Bank of Alma and deposited a deed to the purchaser for said land and the contract between himself and the vendee, and instructed said bank to deliver the deed to Willey, the purchaser, whenever the remaining cash payment was made and Willey's notes secured by a mortgage on said farm for $10,000 were delivered to it for plaintiff. The bank was then to pay $400 to Porter and pay for an abstract and for recording the mortgage. The instructions were reduced to writing by the president of the bank, but not signed by plaintiff. On the 27th day of March Gaumer & Harbaugh commenced an action in the county court of Harlan county against plaintiff for $450 commission for selling said farm, and garnished the bank. At that time the bank did not have any of plaintiff's property in its possession, nor was it indebted to him. Thereafter Wil-

43

ley paid about $4,000 to the bank for Cockins, and, according to plaintiff's instructions, it paid for the abstract and for recording the mortgage and paid to Porter $400. It retained $900 to satisfy whatever judgment might be rendered in the attachment suit, and remitted the remainder of the money, together with the notes and mortgage, to plaintiff. Gaumer & Harbaugh prevailed in the county court, and in the district court on appeal, and the judgment rendered was satisfied by the Bank of Alma. Plaintiff did not modify its instructions to the bank, nor notify it not to pay Porter the $400, but claims that the service of summons in garnishment was a sufficient revocation of the bank's authority to pay Porter.

1. In the court's second instruction the jurors were informed that plaintiff ought to recover against the defendant bank, unless Porter & Griffen were entitled to a commission from plaintiff. In the third instruction the jurors were told that Porter & Griffen were not entitled to commission, unless they were plaintiff's agents for the sale of said land and sold it in accordance with the terms of their agency. In the seventh instruction the jurors were informed that the service of summons in garnishment on the bank revoked its authority to pay Porter & Griffen the $400, and that thereafter the Bank of Alma could only pay out Cockins' money upon the order of the court or the specific directions of plaintiff or his authorized agents. The instructions are erroneous as applied to the bank. Its authority to pay the $400 was unconditional, and was never vacated or modified by plaintiff preceding the payment to Porter. So far as the bank was concerned, it was immaterial whether Porter & Griffen had earned a commission or not. The direction to the bank was plain, and it ought to be protected, so far as plaintiff may be concerned, if it followed his instructions. It is true, as a general proposition, that chattels in the possession of a garnishee, but owned by a defendant in attachment proceedings, and debts due from the garnishee to such defendant are, subsequent to

the service of summons in garnishment, in the custody of the law, but that principle is invoked to protect creditors of the defendant, and cannot be applied to destroy the rights of third persons acquired prior to the levy of the attachment or service of process in garnishment. *Fitzgerald v. Hollingsworth,* 14 Neb. 188.

We have not been cited to any authority holding that the service of summons on the garnishee in a suit against a solvent defendant will annul and set aside a *bona fide* assignment theretofore made by him, where the debt of the garnishee exceeds several times the combined amount of said assignment and the claim of the attaching creditor. Plaintiff could have protected himself if he had acted judiciously, and his failure to countermand his instructions to the bank or to interplead the rival claimants for commission will not justify a judgment in his favor against his former debtor or bailee. Plaintiff argues that the instructions given in the district court ought not to be considered because the assignments of error filed in this court in regard thereto are joint. The motion for a new trial conformed to the rule, and, under the practice established by the laws of 1907, ch. 162, the assignments of error discussed in the printed brief will be considered. *First Nat. Bank v. Adams,* 82 Neb. 801.

2. As to Porter & Griffen, plaintiff claims that they are bound by the judgment rendered in the case of *Gaumer & Harbaugh v. Cockins,* and estopped from denying that said plaintiffs were the efficient cause of the sale to Willey. The judgment in that case was received in evidence over defendants' objections. That record, of course, was proper evidence of its own existence, but ought not to have been received for any other purpose. The instructions do not indicate that the trial judge considered that the judgment concluded the defendants herein, but he did not instruct to the contrary. Counsel argue that, because at Cockins' request Porter & Griffen employed an attorney to assist in the defense of said cause, they are bound by the judgment. There is nothing in the record to indicate

that Porter & Griffen were given the control of the suit, nor that they had any right to appeal from the judgment. They did not instigate the litigation, nor did Cockins represent them therein.    One may employ counsel to assist a litigant, or may testify as a witness in his favor or give other active support to his cause in court, without becoming a party to the record or bound by the judgment rendered.    *Schribar v. Platt,* 19 Neb. 625; *Williamson v. White,* 101 Ga. 276; *Loftis v. Marshall,* 134 Cal. 394; *State v. Johnson,* 123 Mo. 43; *Litchfield v. Goodnow's Adm'r,* 123 U. S. 549.

Plaintiff cites *Missouri P. R. Co. v. Twiss,* 35 Neb. 267, but we there held that, if a defendant is sued for a wrong committed by a third person, and the party responsible has knowledge of the suit, and appears as a witness therein, he will be liable over to defendant; and that connecting common carriers are agents for one another for the carriage of goods accepted by one carrier to be delivered by them at a point beyond the limits of the initial carrier's railway.    In the instant case the attachment suit was not prosecuted in the interest of Porter & Griffen, nor because of their misconduct, but to recover a demand which plaintiffs therein made against Cockins.    In *Burns v. Gavin,* 118 Ind. 320, cited by plaintiff, the purchaser from an assignee of a bankrupt estate had induced the county treasurer to bring a suit against said assignee to compel him to pay from the assets of the estate in his hands certain taxes theretofore levied on the property sold to said vendee, and had employed counsel for the treasurer.    The treasurer was defeated, and plaintiff, after paying the taxes himself, brought a suit against the assignee, and it was held that, as he had instigated and actually controlled the suit brought by the treasurer, he was bound by the judgment therein.    In *Roby v. Eggers,* 130 Ind. 415, also cited by counsel, the party held to be estopped had instigated and controlled the former litigation.    Those cases, and others cited by plaintiff upon this phase of the case, are not in point.    It is doubtful

whether the record of the judgment was relevant from any standpoint, but, if admitted for any purpose, the jurors should have been cautioned that it did not conclude the defendants herein.

3. There is evidence in the record to the effect that a friend of Gaumer & Harbaugh brought said firm and Willey, the purchaser, together with reference to said sale, and that Porter & Griffen were not the efficient cause thereof, but that they learned of said negotiations and induced Willey to close the deal through them. Plaintiff, however, nowhere alleges that Porter & Griffen withheld from him any material facts or made any false statements whereby he was induced to close the deal through them, or promise to pay them a commission, or to order the bank to pay the $400. Neither does he charge that Gaumer & Harbaugh actually made said sale or were the efficient cause thereof. Defendants assert that, relying on the failure of plaintiff to state a cause of action in his petition, they did not introduce any evidence. The evidence must support the allegations in the petition, or a judgment in plaintiff's favor cannot be sustained. *Traver v. Shaefle,* 33 Neb. 531; *Elliott v. Carter White-Lead Co.,* 53 Neb. 458. There is not a scintilla of evidence to support the allegation in the petition that plaintiff ever countermanded its instruction to the bank, but, on the contrary, plaintiff testified that no such notice was given, unless as a matter of law the service of summons in garnishment had that effect. There is no allegation in the petition that Porter & Griffen, or either of them, deceived plaintiff or fraudulently induced him to order the bank to pay their commission. The evidence affirmatively discloses that plaintiff never had a cause of action against the bank, and does not support the case stated, if any is made, against the defendants Porter & Griffen.

The judgment of the district court therefore is reversed, with directions to dismiss the petition as to the defendant Bank of Alma, and for further proceedings as to the other defendants.

                                        REVERSED.