WALZ *v.* RELIANCE INSURANCE CO. OF PHILADELPHIA.

1. JUDGMENT—JOINDER—DEFENDANTS IN SEPARATE ACTIONS MAY JOIN.

Where a number of insurance companies were made defendants in separate actions by insured to recover for the loss by fire, joinder of the defendants could be accomplished by the acts and conduct of the parties, but the joinder must be open, avowed, known and understood by the parties so that a judgment will be conclusive on all.

2. SAME—JOINDER OF DEFENDANTS MUST BE OPEN AND AVOWED TO BE BINDING.

Where 58 actions had been commenced by plaintiffs against fire insurance companies, judgment against one of the insurers, in an action against it on its policy, was not conclusive on the defendants in the other actions in the absence of a showing that the claimed joinder or participation of defendants was open, avowed, and understood by the parties.

Error to Washtenaw; Sample (George W.), J. Submitted October 27, 1922. (Docket No. 101.) Decided December 29, 1922.

Assumpsit by William L. Walz, trustee, and another against the Reliance Insurance Company of Philadelphia on a policy of insurance. Judgment for plaintiffs on a directed verdict. Defendant brings error. Reversed.

*Henry C. Walters* (*Arthur P. Hicks* and *Frank B. De Vine,* of counsel), for appellant.

*Cavanaugh & Burke* (*James O. Murfin,* of counsel), for appellees.

CLARK, J. This cause is a companion of *Walz* v. *Peninsular Fire Ins. Co., ante,* 326, and has the same parties plaintiff. In that case a judgment in an action on a fire insurance policy was entered in favor of plaintiffs in the Washtenaw circuit on June 2, 1922. The case at bar was brought on for trial by jury on June 5, 1922. The defendant is one of 48 fire insurance companies who insured property of Sarah Goffe at Ann Arbor in the sum of $375,000 which property, on December 31, 1920, was damaged by fire to the extent of $350,000, as plaintiffs claim. Fifty-eight suits have been commenced by plaintiffs against the companies to recover the amount of the claimed loss. The declaration counts on a $2,500 fire insurance policy. The plea is similar to that in the case cited. Plaintiffs' proofs were in support of the theory that the insurance companies, including defendant, in the *Peninsular Case* had united in a common defense, had agreed to share *pro rata* the costs and expenses of the suits, had common counsel, had made similar pleas in all cases and that the organization defending the suits in their behalf was the Underwriters' Adjustment Company, and that, therefore, a final judgment in one suit was conclusive on all defendants. A judgment in the sum of $2,462.58, computed on the basis of the recovery in the *Peninsular Case,* was sought. It was shown that the defendants in all the cases, except one, were represented by the same counsel. Certain pleadings were in evidence and the record in *Peninsular Case* was received. There was some testimony that assessments against some of the companies had been collected and paid to counsel. And there was evidence that the Underwriters' Adjustment Company was the group of insurance companies defending these cases. Mr. Walters, counsel for defendant, called to the stand, was asked of facts to establish the particular elements of plaintiffs' theory. He claimed

privilege and declined to testify.   In the trial of the *Peninsular Case* counsel for defendant stated that the companies were not joined together in a common defense and refused to concede anything on that subject. Both sides requested a directed verdict.   A verdict for plaintiffs in the sum of $2,462.58 was directed and judgment for plaintiffs entered thereon.   Defendant brings error.

Plaintiffs rely on *Greenwich Ins. Co.* v. *N. & M. Friedman Co.*, 142 Fed. 944, a case somewhat similar to this where the facts were largely stipulated and where it was held, quoting from syllabus:

"A number of insurance companies, which had issued to plaintiff concurrent policies covering the same property and identical in form, united in making a common defense to suits brought against them severally after the destruction of the property.   They agreed to share *pro rata* the costs and expenses of the suits, and appointed a committee to take charge of them, which employed the same counsel in all, and the same defense was set up in each, raising an issue of fact.   Their joinder was open and avowed, and well known to plaintiff and its counsel.   *Held,* that each had an interest in all the suits and that a final judgment in favor of plaintiff in one suit was conclusive on all."

In courts of the United States a statute provides for consolidation of causes of like nature.   We think a joinder of defendants in a situation like the one at bar could be accomplished by the acts and conduct of the parties, but the joinder must be open, avowed, known and understood by the parties so that a judgment will be conclusive on all.   And, a party to be so bound—

"must have been directly interested in the subject-matter of the proceedings—with the right to make defense, to adduce testimony, to cross-examine the witnesses on the opposite side, to control, in some degree, the proceedings, and to appeal from the judgment." 10 R. C. L. p. 1117.

And it was said in *Andrews* v. *National Foundry & Pipe Works*, 76 Fed. 166 (36 L. R. A. 139):

"Estoppels in such cases as in others, must be mutual, and it is not to be considered that Andrews and Whitcomb became bound by the decree, by reason of their participation in the defense, unless their conduct in that regard was open and avowed, or otherwise known to the opposite party, so that it, too, was concluded, or would have been by an adverse judgment. Herman, Estoppel, p. 157; 2 Van Fleet, Former Adjudication, § 523; 2 Black, Judgments, § 540; 1 Freeman, Judgments, § 189; *Lacroix* v. *Lyons*, 33 Fed. 437; *Schroeder* v. *Lahrman*, 26 Minn. 87 (1 N. W. 801); *Cannon River Manfg. Ass'n* v. *Rogers*, 42 Minn. 123 (43 N. W. 792, 18 Am. St. Rep. 497); *Brady* v. *Brady*, 71 Ga. 71; *Majors* v. *Cowell*, 51 Cal. 478; *Allin's Heirs* v. *Hall's Heirs*, 1 A. K. Marsh. (Ky.) 525. See, also, *David Bradley Manfg. Co.* v. *Eagle Manfg. Co.*, 6 C. C. A. 661, 57 Fed. 980."

And see *Lane* v. *Welds*, 99 Fed. 286.

That the claimed joinder or participation was not open, avowed and understood is a fatal infirmity of plaintiffs' case. In view of the reticence, if not denial, of counsel in the *Peninsular Case* as regards the claim of joinder and the refusal of counsel for defendant to disclose the facts relative thereto in the case at bar and the failure of plaintiffs to obtain sufficient proof to establish the elements of their theory of recovery in this case, can it be said that the claimed joinder and common participation of the defendants in the *Peninsular Case* were open, avowed, and well known to plaintiffs? As the estoppel must be mutual, suppose that the judgment in the *Peninsular Case* had been adverse to plaintiffs, on this state of facts would it have been conclusive in all the cases? Surely not. Neither is the judgment conclusive as to defendant here. See *Loftis* v. *Marshall*, 134 Cal. 394 (66 Pac. 571, 86 Am. St. Rep. 286); *Hauke* v. *Cooper*, 48 C. C. A. 144, 108 Fed. 922; *Laskowski* v.

*People's Ice Co.,* 203 Mich. 186 (2 A. L. R. 586) ; *Feldkamp* v. *Ernst,* 177 Mich. 550; *Cockins* v. *Bank of Alma,* 84 Neb. 624 (122 N. W. 16, 133 Am. St. Rep. 642) ; *Central Baptist Church* v. *Manchester,* 17 R. I. 492 (23 Atl. 30, 33 Am. St. Rep. 893) ; *Fish* v. *Vanderlip,* 218 N. Y. 29 (112 N. E. 425, Ann. Cas. 1916E, 150), and cases cited. Several other questions are discussed, among them that in any event plaintiffs might not have judgment in the case at bar while there was in force a stay of proceedings, stipulated of record by counsel in open court in the *Peninsular Case,* and pending review here, but we think it unnecessary to consider such questions. A verdict should have been directed for defendant.

Judgment reversed with costs to defendant. New trial granted.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.