ADAM LONG AND JOHN LONG, *Partners as Long Brothers,*
v. WEST & CO.

1. EVIDENCE, *Not Proving Debt Fraudulently Contracted.* Where A, who is in failing circumstances, makes various statements to different persons with reference to his financial ability, representing it as being better than it is in fact, but does not make such statements to B, or for the purpose of defrauding B, or for the purpose of defrauding any person, and at no time has any intention of defrauding B or any other person, but afterward B gives credit to A, *held,* that evidence of these statements does not necessarily prove that A fraudulently contracted the debt which he became liable to pay to B.

2. FACTS, *Not Proving Fraudulent Disposal of Property.* Where a partner sells to a third person his partnership interest, and the purchaser of the partnership interest does not agree to become liable or responsible for any portion of the previous partnership debts, these facts of themselves do not prove that either of these persons assigned or disposed of any of his property for the purpose of hindering, delaying, or defrauding his creditors.

3. HONESTY, *Presumed; Fraud, to be Proven.* In the absence of evidence to the contrary, honesty and fair dealing in all transactions are always

presumed; and if any person claims that there was fraud in any transaction, it devolves upon such person to prove the fraud, and it does not devolve upon the party charged with committing the fraud to prove that the transaction was honest and *bona fide*.

### Error from Montgomery District Court.

ACTION by Adam Long and John Long, partners as *Long Brothers*, against S. N. West and three others, partners as *West & Co.*, to recover on an account for goods sold and delivered to defendants. The plaintiffs obtained an order of attachment, which was levied upon a stock of goods belonging to defendants. April 2, 1883, on a hearing had before the judge of the district court at chambers, the attachment was discharged. This ruling the plaintiffs bring here. The opinion states the facts.

*J. B. Ziegler*, for plaintiffs in error.
*Dunkin & Chandler*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: On February 5, 1883, the plaintiffs in error brought an action in the district court of Montgomery county against the defendants in error, to recover the sum of $142.73, which was alleged to be due on an account for goods, wares and merchandise alleged to have been furnished by the plaintiffs to the defendants. At the same time an order of attachment was issued, and was levied upon a stock of goods belonging to the defendants. On March 5, 1883, the defendants filed a motion to discharge the attachment as to the whole of the property attached, and on April 2, 1883, this motion was heard and sustained by the court, and the attachment discharged. The plaintiffs bring the case to this court for review, and in this court they claim that the attachment should be sustained, upon the following grounds: (1) That the evidence introduced on the hearing shows that the debt, or account, upon which the action was brought was fraudulently contracted by the defendants; (2) that the evidence introduced on the hearing shows that the defendants

disposed of a portion of their property with the intention of hindering, delaying and defrauding their creditors; (3) that the evidence introduced on the hearing shows that the defendants were about to assign or dispose of their property, with the intention of hindering, delaying and defrauding their creditors.

It will be seen that the questions involved in this case are principally, if not entirely, questions of fact, founded entirely upon the evidence introduced on the hearing of the motion to discharge the attachment. Now this evidence is contradictory and unsatisfactory, and it is very difficult to determine from such evidence what the real facts of the case are. It is undoubtedly true, that some evidence was introduced tending to show fraud on the part of the defendants; some evidence tending to show that the debt or account was fraudulently contracted by the defendants; some evidence tending to show that the defendants had disposed of a portion of their property with the intention of hindering, delaying and defrauding their creditors; and some evidence tending to show that the defendants were about to assign or dispose of their property with the intention of hindering, delaying and defrauding their creditors; but all this evidence was contradicted by other evidence, and a portion of the same was contradicted by an unquestionable preponderance of the evidence. We are inclined to think that the decision of the court below, or rather of the judge thereof at chambers, is correct upon the evidence.

We think it is wholly unnecessary to discuss the evidence, or to discuss the facts which such evidence may seem to prove. We can perceive no good or useful purpose which such discussion would be likely to subserve. There are three questions of law, however, which the plaintiffs seem to consider as in the case, which we will now proceed to decide. The questions and decisions are as follows: (1.) Where A, who is in failing circumstances, makes various statements to different persons with respect to his financial ability, representing it as being better than it is in fact, but does not make such

statements to B, or for the purpose of defrauding B, or for the purpose of defrauding any person, and at no time has any intention of defrauding B or any other person; but afterward B gives credit to A, evidence of these statements does not necessarily prove that A fraudulently contracted the debt which he became liable to pay to B. (2.) Where a partner sells to a third person his partnership interest, and the purchaser of the partnership interest does not agree to become liable or responsible for any portion of the previous partnership debts, these facts of themselves do not prove that either of these persons assigned or disposed of any of his property for the purpose of hindering, delaying or defrauding his creditors. (3.) In the absence of evidence to the contrary, honesty and fair dealing in all transactions are always presumed; and if any person claims that there was fraud in any transaction, it devolves upon such person to prove the fraud, and it does not devolve upon the party charged with committing the fraud to prove that the transaction was honest and *bona fide.*

The order of the judge of the court below discharging the attachment will be affirmed.

All the Justices concurring.