MORRIS STEINBERG V. AUSTIN BUFFUM ET AL.

FILED MAY 22, 1901. No. 9,377.

1. **Preferred Creditor of Insolvent Debtor: INSTRUCTION.** In a contest between a preferred creditor and other creditors of an insolvent debtor wherein a sale of property to the preferred creditor is claimed to be fraudulent and void as to the other creditors, it is erroneous to instruct the jury that if it is shown the vendor was disposing of his property for the purpose of delaying and defrauding his other creditors and the vendee had knowledge ·or notice of such intention, the burden would be on the vendee to show that he made the purchase in good faith for the sole purpose of protecting himself.

2. **Fraud Never Presumed: BURDEN ON PARTY MAKING THE CHARGE.** Fraud is never presumed, but must be proven; and when it is claimed that a preferred creditor participated in the alleged fraudulent designs of the debtor to defraud, hinder and delay other creditors, the burden is on him making the charge to prove it by a preponderance of the evidence.

3. **Erroneous Instruction.** Instruction copied in the opinion, whereby the jury were authorized to infer a fraudulent intention on the part of a preferred creditor to hinder and delay other creditors because of his failure to point out to an officer holding an attachment writ the goods of the debtor, *held* erroneous.

ERROR from the district court for Lancaster county. Tried below before CORNISH, J. *Reversed.*

*Morning & Berge,* for plaintiff in error.

*S. P. Davidson* and *Daniel F. Osgood, contra.*

HOLCOMB, J.

One Descher. for some time prior to the beginning of the present action, was engaged in the retail grocery business in the city of Lincoln.  The plaintiff in error, also plaintiff below, had been in the employ of Descher as a clerk in his grocery store from some time in the spring of 1895 until the time of the transactions hereinafter referred to.  In June, 1896, Descher, being in failing circumstances and being pressed by his creditors and, as claimed by the plaintiff, being indebted to him in the sum of something over $700 for wages and borrowed money, sold, transferred and conveyed by a bill of sale to the plaintiff a part of the stock of goods of which Descher was possessed in satisfaction of such obligation. While the goods so claimed to be purchased were being separated from the remainder of the stock and when the work thereof was about completed the defendant in error, defendant below, caused to be levied thereon, as the property of Descher, a writ of attachment in a suit brought to recover a debt owing by the said Descher to the attachment plaintiff.  The attached goods were replevied by the plaintiff, in which action verdict and judgment went against him, and from which he prosecutes error proceeding in this court to secure a reversal thereof.

On the trial of the replevin action in the lower court the plaintiff claimed the property in controversy by virtue of his alleged purchase thereof in satisfaction of a pre-existing debt it is claimed was due and owing him from the said Descher.  The defendant contended that the alleged sale was fraudulent and void as to the creditors of Descher, and made to hinder, delay and defraud them in the collection of their demands.  The evidence in the case was conflicting, fairly well balanced and would probably support a verdict in favor of either of the parties to the case.  Several objections were made to the ruling of the trial court on the admission and rejection of evidence, which, upon only a passing examination of

the record, we are disposed to the view are without merit, although we do not undertake to decide the correctness of the rulings complained of in this respect. We mention the subject only as preliminary to a consideration of exceptions taken to the rulings of the trial court in the giving and refusal of certain instructions. The case, as it appears to us, was one largely of questions of fact and proper deductions to be made from the evidence, and the vital question is whether on the evidence the case was properly submitted to the jury under instructions correctly stating the law, when applied to the issues raised and the evidence in support thereof. The plaintiff's case, as stated, rested on a purchase alleged to have been made in satisfaction of a prior existing debt owing by the vendor.. That the debt in fact existed appears to be fairly well established by the evidence, and that the goods sold were only in value reasonably proportionate to the amount of the alleged debt is not seriously questioned. The defendant's contention, as we conceive it to be from the record, is that the vendor was disposing of his property to hinder, delay and defraud his other creditors, including the defendant, which we think may be conceded, and that the plaintiff had notice of such fraudulent designs on the part of Descher and participated therein, thus rendering such sale and transfer fraudulent and void as to the other creditors, and especially the defendant, by reason of his attachment of the property. The plaintiff's standing, in the eye of the law, as claiming by virtue of the rights of a preferred creditor, was, therefore, of overshadowing importance, and to have the same correctly stated in the instructions to the jury would be the point on which the turning of the controversy would probably hinge. In the third instruction given by the court the law relative to this phase of the case is stated as follows: "The burden of proof is upon the plaintiff in the first instance to establish by a preponderance of the evidence all the material allegations of his petition. That is to say, in this case the burden

would be upon the plaintiff to show that at the commencement of the action he was the owner of the goods in controversy and had paid a good and sufficient consideration therefor. Such facts being shown by the plaintiff, then, inasmuch as the law presumes that persons transact their business honestly and in good faith, until the contrary appears, the burden would be upon the defendant to show that such purchase or bill of sale evidencing the same, if made, was done for the purpose of hindering, delaying or defrauding the creditors of Descher, and to show that the plaintiff had knowledge or notice of such intention upon the part of said Descher. These facts being shown by the defendant, then the burden would be upon the plaintiff to show that he made the purchase or took the bill of sale in good faith for the sole purpose of protecting himself." Its correctness is vigorously challenged by counsel for plaintiff in error. The instruction, we think, can not be upheld as a correct expression of law. In it the law is held to be that a creditor, who obtains satisfaction of a just demand from an insolvent debtor who is disposing of his property with fraudulent intent as to other creditors, having notice of such intent, must purge himself of fraudulent participation in the acts of the debtor by assuming the burden of proving that he purchased the property in good faith for the sole purpose of protecting himself. This is wrong and necessarily works a prejudice to the plaintiff in the submission of his claims to a jury. It is equivalent to saying that if in obtaining satisfaction of a debt he purchases property from a debtor having fraudulent designs as to other creditors, with notice thereof, the law presumes that he participated in such fraudulent intent, which presumption must be overcome by evidence of good faith on his part and that he acted solely for the purpose of securing the satisfaction of his debt. It raises a presumption that a transaction is had for a wrongful purpose without any evidence upon which to base the presumption. The instruction is in conflict with the principles stated in *Bank*

*of Commerce v. Schlotfeldt,* 40 Nebr., 212. It is there held first: "Fraud is never to be presumed. It must be proved. A creditor of a vendor, seeking to invalidate a sale upon the grounds of fraud, must prove facts from which a legitimate inference of fraudulent intent can be drawn. Evidence simply justifying a suspicion is not sufficient"; and second: "In the absence of evidence to the contrary, honest and fair dealing in all transactions are to be presumed; and if any person claims that there was fraud in any transaction, it devolves upon such person to prove the fraud, and it does not devolve upon the party charged with committing the fraud to prove that the transaction was honest." RAGAN, C., writing the opinion says (page 214): "Fraud is never to be presumed. It must be proved. A creditor of a vendor, seeking to invalidate a sale upon the grounds of fraud, must prove facts from which a legitimate inference of fraudulent intent can be drawn. Evidence simply justifying a suspicion is not sufficient. *Jaeger v. Kelley,* 52 N. Y., 274. In the absence of evidence to the contrary, honest and fair dealing in all transactions are to be presumed; and if any person claims there was fraud in any transaction, it devolves upon such person to prove the fraud, and it does not devolve upon the party charged with committing the fraud to prove that the transaction was honest. *Long v. West,* 31 Kan., 298." The plaintiff in this action could only maintain his case by proof that he was a creditor of the vendor and purchased the property in satisfaction of the debt; this done, the law presumes the transaction was honest and fairly consummated. The defendant may disprove these facts and defeat plaintiff's right to the property or may, as he attempted to do, avoid the transfer by proving a fraud on the rights of other creditors in the sale of the property, and that the plaintiff, by reason of his action in connection with the transaction, was chargeable with such fraud. To succeed in this aspect of the case it was incumbent upon him to establish his defense by a preponderance of the evidence. Having charged the plaintiff

with fraudulent acts on his part sufficient to avoid the transaction, he was required to make the charge good by evidence in support thereof preponderating in his favor. It is not, we think, the law that when he proves the fraudulent intent of the vendor, and that the vendee had notice of it, the burden is on the vendee to prove that he did not participate in the fraud. The defendant is required to proceed one step further and prove also that the plaintiff was a participant in the fraud complained of. *Blumer v. Bennett*, 44 Nebr., 873. The rule is well settled in this state that as to a *bona fide* creditor of a fraudulent vendor, buying property or obtaining security for the satisfaction of his demand, that the transaction can not be avoided as to him by other creditors except it is shown that he shared in the fraudulent designs of his vendor and received the property or security for other purposes than protecting himself from loss by reason of his demand against the vendor. *Jones v. Lorce*, 37 Nebr., 816, 821; *Grosshans v. Gold*, 49 Nebr., 599; *Blair State Bank v. Bunn*, 61 Nebr., 464.

Instruction No. 8 is assailed as being prejudicially erroneous. In the paragraph it is stated: "Plaintiff's failure or refusal to point out which were his goods and which were Descher's, if you so find, are part of the facts and circumstances of the case from which you are to gather the intent of the parties in the transaction. It would be the duty of the plaintiff to do nothing to hinder creditors or not necessarily do anything to prevent officers from coming at the goods belonging to Descher that under their writs they were ordered to take." We think the instruction objectionable. From it the jury were at liberty to infer that, assuming it was the plaintiff's duty to point out the goods of the attachment debtor as stated, and having failed to do so and to discharge the duty devolving on him in that respect, he was hindering and delaying the creditors of Descher, and for that reason the transaction through which he claimed was fraudulent as to such creditors. This is giving a rather practical

application to the meaning of the word "hinder" and one not believed to be warranted by statute or by any rule of law. The logical effect is that if a preferred creditor does not assist an officer in serving process on the property of a fraudulent debtor, he is to be charged with hindering and defrauding the creditors, and the transaction by which he has obtained satisfaction is for that reason void. He was under no legal obligation to point out to the officers the property of the defendant in the attachment suit. As to such property, as is stated by counsel for plaintiff, he occupied a position of "armed neutrality." All that was said and done at the time is doubtless admissible as evidence throwing light on the transaction and for the purpose of ascertaining the truth of the issues involved; but his failure to point out to the officer the property of the common debtor would not, we apprehend, subject him to the charge of hindering the other creditors in the collection of their debts.

Numerous other instructions are excepted to and argued in brief of counsel which need not be noted in detail and which are not, in the light of the examination we have been able to give them, regarded as prejudicially erroneous. Several instructions requested by the plaintiff were refused and exceptions taken. The substance of these several instructions was given in the court's charge to the jury, and with the exceptions noted, we are of the opinion the case was fairly submitted under the instructions given.

For the reasons stated the judgment is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.