## SCANDIA STATE BANK OF FERGUS FALLS, MINNESOTA, a Corporation, Respondent, v. D. A. DINNIE, Appellant.

(172 N. W. 62.)

**Judgments — dismissal.**

    1. A corporation which was not a party to prior litigation is not bound by a judgment of dismissal, where the litigation was not conducted on its behalf.

**Judgments — mistake in bringing action — estoppel does not apply.**

    2. Where, through mistake of a managing agent common to two corporations, a suit was begun in the name of one corporation which should have been begun in the name of the other, and such suit resulted in a final judgment against the plaintiff corporation, in the absence of circumstances sufficient to create an estoppel, the corporation in whose name the original suit should have been begun is not precluded from maintaining a subsequent action on the same subject-matter.

Appeal from the District Court of Ward County, *Leighton, J.* Affirmed.

*Fisk & Murphy,* for appellant.

"Where the judgment recites that the plaintiff has submitted to the court and jury all of its evidence in support of its complaint, and that judgment was rendered against them, it is a judgment upon the merits." Comp. Laws 1913, § 7599.

"The doctrine of estoppel by judgment proceeds upon the principle that one person shall not litigate a second time, with the same person, a matter that has been finally determined upon its merits." United States v. California Bridge & Constr. Co. 245 U. S. 337, 62 L. ed. 332, 38 Sup. Ct. Rep. 91; 15 R. C. L. § 430.

"In this connection the term 'parties' includes not only those who are technically named in the record, but all those who are directly con-nected therein, or who actively participated therein." See 15 R. C. L. p. 1010, § 483, and cases cited. The rule stated in 23 Cyc. 1249, B; Briggs v. McAllister, 106 Ky. 791, 45 L.R.A. 803, 90 Am. St. Rep 267, 51 S. W. 603; See Emery v. Fowler, 63 Am. Dec. 627; Robbins v. Chicago, 4 Wall. 672, 18 L. ed. 430, and cases cited; Pew v. John-son, 35 Mont. 173, 88 Pac. 770; Courtney v. Knabe Mfg. Co. 99 Am. St. Rep. 456, 55 Atl. 649; Plumb v. Crane, 123 U. S. 560, 31 L. ed. 268; McMillan v. Barber Asphalt Paving Co. (Wis.) 138 N. W. 94, Ann. Cas. 1914B, 53; Kolpack v. Kolpack, 137 N. W. 437; Baxter v. Myers (Iowa) 39 Am. St. Rep. 398, 152 N. W. 234; Tootle v. Cole-man, 57 L.R.A. 120, 46 C. C. A. 132, 107 Fed. 41; Parson v. Urie (Md.) 8 L.R.A.(N.S.) 559, 10 Ann. Cas. 1078; Loodie v. Larson, 78 N. J. Eq. 237, 37 L.R.A.(N.S.) 957, and an exhaustive note; Boyd v. Wallace, 10 N. D. 78; Hill v. Bayne, 2 Am. St. Rep. 877.

*Halvor L. Halvorson,* for respondent.

"In the former trial the real question not having been submitted for determination, the matter is not *res judicata.*" Comp. Laws 1913, § 7579; Mason v. Kansas City Belt R. Co. 26 L.R.A.(N.S.) 914; 15 R. C. L. p. 955.

"Under our statutes all actions must be brought by the real party in interest. The respondent is the real party in interest, as assignee of the claim; nothing the assignor could do after assigning the claim could change its right, nor can the assignor defeat the rights of the assignee by bringing suit." 4 Cyc. 98; Gregory v. Claybrough, 129 Cal. 475, 62 Pac. 72; Aultman v. Sloan, 115 Mich. 151, 73 N. W. 123; Richardson v. Warner, 28 Fed. 343; Lawrence v. Milwaukee, 45 Wis. 306; Nashua Trust Co. v. Edwards Mfg. Co. (Iowa) 68 N. W. 587; 15 R. C. L. title Judgments, § 484, p. 1011, § 502; Cockins v. Bank of Alma, (Neb.) 122 N. W. 16.

Birdzell, J.   This is an appeal from a judgment in favor of the plaintiff in an action brought to recover for materials supplied by the Scandia Manufacturing Company to the defendant, a general contractor.   Error is predicated upon the denial of the defendant's motion for dismissal upon the ground that the plaintiff was estopped to maintain this action by a former adjudication.

The facts are that the Scandia Manufacturing Company supplied certain materials to the defendant, Dinnie, which were used by the latter in the construction of a certain building.   In June, 1914, the manufacturing company commenced an action against Dinnie upon the account; which action was tried in March, 1915, resulting in a judgment of dismissal.   The judgment recited:  "The plaintiff having submitted to the court and jury all its evidence in the support of its complaint, and having rested its case, and thereupon defendant having moved that said action be dismissed by reason of the failure of the plaintiff to prove or establish its case, and the court being duly and fully advised in the premises thereupon granted said motion, and having pursuant thereto made and filed herein its order in favor of defendant and against the plaintiff for dismissal of said action, now, therefore, pursuant thereto, . . . .   It is adjudged that the said action be, and the same is hereby, in all things, dismissed."

When the action was commenced which resulted in the dismissal as above indicated, one A. G. Anderson, of Fergus Falls, Minnesota, was cashier of the Scandia State Bank, the plaintiff in this action, and as such had business relations with the Scandia Manufacturing Company of the same place, the plaintiff in the former action, and had in prior years been a director of the latter concern.   At the same time, and for a while prior thereto, Anderson was secretary of the Scandia Manufacturing Company.   It seems that prior to the beginning of the former action, the account upon which both actions were based had been assigned by the manufacturing company to the bank, and that through some mistake, either on the part of Anderson or the attorney consulted in Fergus Falls, the original action was begun in the name of the manufacturing company.

The appellant relies upon § 7597, Compiled Laws 1913.   The first six subdivisions of this section treat all situations in which civil action may be dismissed without final determination on their merits.   Sub-

division 7 provides: "In every case, other than those mentioned in this section, the judgment in the action shall be rendered on the merits." Subdivision 8 abolishes all other modes of dismissing actions or nonsuiting litigants. It is argued that, since a dismissal of the former action without a determination of its merits was not authorized under any of the first six subdivisions of the section, it must be now conclusively presumed that the judgment of dismissal was rendered on the merits as required by subdivision 7. The respondent, however, argues that the action might have been dismissed without a final determination under subdivision 3 which reads, "By the court, when upon the trial and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his claim, or cause of action, or right to recover." In the view we take of the case it is not necessary for the court to decide whether or not the action was dismissed under subdivision 3 as a "final determination of its merits," or whether the judgment was "rendered on the merits" under subdivision 7. If it be assumed that the former judgment was a final determination, it was only a final determination as between the parties to the litigation; and, viewing the contention made under § 7597 in the light most favorable to the appellant, it amounted to a final determination only as between the appellant and the Scandia Manufacturing Company.

The appellant further contends, however, that Anderson's official connection with both corporations was such as to make him the common agent of both, and for this reason the plaintiff in this action is bound by the former adjudication to the same extent as though that action had been begun in its name. Authorities are cited in support of the rule that the term "parties" within the doctrine of *res judicata,* includes not only those who are technically named in the record, but all those who are directly connected or who actively participate in the trial. 15 R. C. L. p. 1010; 23 Cyc. 1249; Freeman, Judgm. § 174; also a number of adjudicated cases bearing out the text of the authorities cited. We do not question the correctness of the rule invoked, but we do not deem it applicable to the situation presented in the case at bar. The principle according to which those who were not technically parties to the record in some prior proceeding are bound is that by their actual participation for the purpose of having their interests determined or their rights litigated they have had all of the advantages that

would attach to the judgment, and there would consequently be no reason for allowing them to maintain another suit to determine the same questions.

In the present action it does not appear that any attempt was made on the part of the bank, or by anyone acting for the bank, to have its right litigated in the former suit. On the contrary, it rather appears that through an error made, either by Anderson or one of the attorneys, the prior suit was actually begun, as it was, in ignorance of the fact that there had previously been an assignment. To hold, therefore, that the bank was bound by the previous judgment would be equivalent to holding it estopped to assert its ownership of the claim on account of a mistake made by its agent, rather than on account of the fact that it had participated in the former litigation. The conclusion that we draw from this record is that it did not participate.

The crucial question then is, Is the bank estopped on account of the mistake made? To constitute estoppel, binding upon the bank to the extent contended for, its agent must not merely have held out to the defendant that the manufacturing company was still the owner of the claim, but it must appear that the reliance of the defendant upon such representations has been such as to render it inequitable to allow the bank to now assert the truth of its own ownership of the claim. It appears from an exhibit in this case, which was also an exhibit in the prior case, that the defendant had been advised before the original action was begun that the claim had been assigned to the bank. Furthermore, the only reliance shown by the defendant is the inconvenience and expense necessary to defeat the prior action. The statutes giving to a successful litigant the right to tax his costs make sufficient provision for this expense and inconvenience that we are not justified in holding the plaintiff estopped to set up its ownership of the claim and to enforce it.

For the foregoing reasons the judgment is affirmed.