# CARL CARLSON, Respondent, v. S. M. DAVIS, Appellant.

## (178 N. W. 445.)

**Landlord and tenant — evidence insufficient to sustain verdict for share of wheat under farm lease.**

1. The plaintiff, lessee in a farm lease, claimed that the number of bushels of wheat threshed were 8,366 bushels, machine measure. The lessor claimed, in all, there were 5,824 bushels and 24 lbs. of wheat, elevator weights.

The lessee was not in default in any manner in the performance of the covenants of the lease. The lease contained no covenant reserving the right of the lessor to deduct for any advances made the lessee, during the time of the lease.

Under a chattel mortgage the lessor, the defendant, took possession of all the wheat at the time of threshing thereof, and thereafter exercised complete and exclusive dominion over it. He hauled it to the elevator, deposited it all in his name, and sold it.

The lessee brought an action for the value of one half of 8,366 bushels of wheat, and by the jury was given a verdict for the value thereof, less certain debts and obligations owing by him to the lessor, to the allowance of which the lessee made no objection.

*Held*, that the verdict as to the amount of wheat threshed is not supported by substantial evidence.

**Landlord and tenant — evidence sustaining finding of no settlement of claims under farm lease.**

2. The defendant interposed, as a defense, a claim of prior settlement between plaintiff and defendant, of all matters in dispute. Whether such a settlement was made was a question of fact for the jury. The evidence thereof was in conflict. The jury returned a verdict in plaintiff's favor, and thus decided there was no settlement.

**Judgment — no res adjudicata where plaintiff was merely witness in former action.**

3. The defendant interposed a plea of *res judicata*. *Held*, for the reasons stated in the opinion, that such principle, under the facts in this case, has no application.

Opinion filed June 19, 1920.

Appeal from order and judgment of the District Court of Hettinger County, Honorable *F. T. Lembke,* Judge.

Reversed and remanded.

*Harvey J. Miller,* for appellant.

"Where a farm is rented for a share of the crops, the landlord and tenant are tenants in common of the crops raised by the tenant." Mpls. Iron Store Co. v. Branum, 36 N. D. 355, 162 N. W. 543; Rohrer v. Babcock, 126 Cal. 222; McNeal v. Rider, 79 Minn. 153; Riddle v. Dow, 98 Iowa, 7; Wilber v. Sisson, 53 Barb. 258.

Accounting would be the proper remedy, and in such an action defendant could be held only for what he actually received, and the burden of proof would be upon the plaintiff. Accounts & Accounting, 1 Cyc. 405, f; Johnson v. Johnson (N. D.) 164 N. W. 327.

*Thomas H. Pugh,* and *Otto Thress,* for respondent.

Where chattels are delivered to a bailee, in good condition, and are not returned or accounted for, the law presumes negligence to be the cause of the failure to return, and casts upon the bailee the burden of showing that the loss is due to other causes, consistent with due care on his part. Marshall v. Gage, 8 N. D. 364, 79 N. W. 851; Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467; Lebens v. Wolf (Minn.) 165 N. W. 276; Stone v. Case (Okla.) 43 L.R.A.(N.S.) 1168 and note, 124 Pac. 960; Butt v. Davidson (Colo.) 44 L.R.A.(N.S.) 1170, 131 Pac. 390; Hildebrand v. Carroll, 106 Wis. 324, 83 N. W. 145; Russell v. Union Mach. & Supply Co. (Wash.) 153 Pac. 341.

It would generally be impossible for the bailor to show that the property had been lost or destroyed, while the bailee, being in actual possession, should always be able to account for the subject of the bailment, and his failure to do so raises a presumption of negligence against him, which he can remove only by clear proof of the loss or destruction of the goods. 6 C. J. 1158, § 160.

The verdict having substantial testimony to support it, and being approved by the lower court, the ruling of the lower court will not generally be disturbed on appeal. Hager v. Clark, 35 N. D. 591, 161 N. W. 280; Blackorby v. Ginther, 34 N. D. 248, 158 N. W. 354; Walker v. Laubscher (Iowa) 162 N. W. 780; Tarczek v. C. & M. R. Co. (Wis.) 156 N. W. 473; Branthover v. Monarch El. Co. (N. D.) 173 N. W. 455.

To constitute a good defense by way of former adjudication, it is necessary that there be an identity of the thing sued for, identity of the cause of action, identity of persons to the action, and identity of

the quality in the persons for or against whom the claim is made. The following authorities are in point: Rahr v. Wittman (Wis.) 132 N. W. 1107; Kammann v. Barton, 23 S. D. 442, 122 N. W. 416; Goldberg v. Sisseton, L. & T. Co. (S. D.) 123 N. W. 265; Black, Judgm. § 531; 23 Cyc. 1237; 10 R. C. L. pp. 1116, 1117, § 323; Union Nat. Bank v. Western Bldg. Co. (N. D.) 175 N. W. 628; Luick v. Arends, 21 N. D. 624, 132 N. W. 353.

Every person is a privy to a judgment or decree who has succeeded to an estate or interest held by one who was a party to the judgment or decree. If the succession occurred after the bringing of the action, and privity to the judgment in such case implies a relationship by succession or representation between the party to the second action and the party to the prior action in respect to the right adjudicated in the first action. Smith v. Kessler, 127 Pac. 172; 23 Cyc. 1253; 24 Am. & Eng. Enc. Law, 746; Stamp v. Franklin, 144 N. Y. 607, 39 N. W. 634; Bigelow, Estoppel, 142 et seq.; Coleman v. Bosworth (Iowa), 164 N. W. 238.

GRACE, J. The plaintiff, by a written lease, leased from the defendant, for the year 1915, the east half of section 5, township 135, range 97.

Most of the land had been summer fallowed. Each was to furnish one half the seed and to receive one half the crop, and plaintiff to pay all the threshing-machine bill, and deliver, free, the share of the defendant to an elevator in New England.

The plaintiff claims to have raised upon the premises in 1915 8,366 bushels of wheat, and that his share of that was 4,183 bushels, of the value of $3,596.98, and brings this action to recover that amount.

The defendant claims there were raised upon the premises only 5,824 bushels and 24 lbs., which were sold for $5,017.55, of which he claims he was entitled to one half for rental, and that, from the remainder, he deducted certain items, aggregating $1,487.21, and in addition, a note for $992.35, secured by a chattel mortgage on plaintiff's share of the crop.

The lease contains no stipulation reserving to defendant a lien on plaintiff's share of the crop, for advances made by the defendant, during the term of the lease; and, in the absence of such a reservation, the

defendant had no lien thereon, unless, perhaps, for that part of the seed grain which plaintiff was to furnish, which the lease stipulates shall be taken out of the proceeds of the crop, which means out of plaintiff's share.

In the case of the Minneapolis Iron Store Co. v. Branum, 36 N. D. 355, L.R.A.1917E, 298, 162 N. W. 543, this court construed a clause similar to that in this lease, reserving title and possession of all crops with the landlord, until a division of the same.

We there held such a reservation was in the nature of a chattel mortgage, to secure the advances, if any, of the landlord to the tenant. Unless there is a provision in a lease providing for advances, and unless advances under the terms thereof are, in fact, made, by the lessor, a provision in a lease, retaining title and possession of all crops in the lessor until division, does not operate to effect a lien on the lessee's share thereof, but when there is a provision for advances, and the lessor makes such advances, a provision retaining title and possession of all crops until division is of the nature of a chattel mortgage lien on the lessee's share, and such lessor has no greater or different rights thereunder than a mortgagee's under a chattel mortgage.

Where there is a provision for advances, and advances have been made, and where there is a clause retaining title and possession of all crops in the lessor until division, the tenant, nevertheless, has the right to have the crops divided upon the farm, unless some other place for division is specified, and he has title to his share and possession thereof, subject to the right of the lessor's lien for advances, in the nature of a chattel mortgage.

In this case, the plaintiff owed a note to the defendant for $992.35, which was secured by a chattel mortgage on plaintiff's share of the crop.

The defendant could not claim that amount as an advance, though there was a condition in the lease providing for a lien for advances, but in such case, in order to realize upon such chattel mortgage, he would be required to take the regular steps provided by law; for it is an entirely different instrument and obligation than the lease, and bears no relation to it, and is not connected with it.

The relation between plaintiff and defendant, under the lease, was that of landlord and tenant. The possession of the land was in the

tenant, and he had an estate therein for the time of the lease.    Minneapolis Iron Store Co. v. Branum, supra.

The tenant had an undivided one-half interest in all the crops raised upon the land, during the time of the lease; and, under the terms of the lease, he was entitled, when the crops were harvested and threshed, to have the crops divided and to receive his one half thereof.

The respective rights of landlord and tenant are quite fully analyzed and settled in the case of Minneapolis Iron Store Co. v. Branum, and we adhere to the principles set forth therein.    We think the evidence conclusively shows that defendant, under the chattel mortgage, did take possession of all the crop in question, after the same was threshed, and thereafter maintained full dominion over it, and hauled it or caused it all to be hauled to the elevator, and all deposited in his name.    It was all sold by him.    He never at any time made any division of the crop with the tenant; and this, in direct violation of the terms of the lease, thus acting in a high-handed and unwarranted manner and without authority.

At the time he took possession of the crop, he was not entitled to it, but was entitled to only one half thereof, after the division.

The evidence does not show that there was any default in the chattel mortgage, nor that he had a right to take possession of the crop under it.

The most favorable light that defendant can be placed in is that, though having wrongfully taken possession of all the crop, in a suit by plaintiff against him, for the value of plaintiff's share, he may be permitted, as a set-off or counterclaim, to deduct the debts of plaintiff secured by chattel mortgage, or deduct any debt which is in any way secured by a valid lien upon plaintiff's share of the crops.

The total of these debts was $2,479.56.    That amount included one item of $145, for the cost of additional seed grain.    Part of the seed first purchased having disappeared, and this amount was to replace that.

The defendant insisted on charging the whole amount of that item to the plaintiff, whereas only one half of it should have been charged to him.

The defendant, however, did finally charge himself $50 of the amount, and that, deducted from $2,479.56, leaves $2,429.56, which

are all the claims and interest which the defendant had against plaintiff. The plaintiff makes no objection to the allowance of this amount.

Befort taking up for consideration the number of bushels of the crop, we will dispose, at this point, of one of the errors assigned by defendant, wherein he claims the trial court erred in not admitting in evidence, at this trial, certain exhibits offered in the trial of another lawsuit between wholly different parties, and relating to an entirely different subject-matter.

The trial just mentioned was the case of New England Invest. Co. v. Davis. This plaintiff was not a party to that action. He had no control over it, nor had he any right to, in any manner, direct it. He was not represented at that trial by an attorney, nor at all. He had no right to offer the testimony of witnesses, nor to say what testimony should be adduced, nor right to interpose objection to testimony offered; nor had he the right of cross-examination of witnesses. He had no right to appeal from the judgment, and no control whatever over it. He was merely a witness in that case, nothing more.

In such circumstances, it matters not what the result of that trial was, nor what the evidence there introduced, nor what the contents of the verdict or judgment. None of it is binding upon the plaintiff in this case, and hence the plea of *res judicata* has no application, and the court properly excluded all the exhibits of that trial which were sought to be introduced at this. The plaintiff is in no manner estopped by any of the proceedings or events which occurred in that trial, nor by the result thereof. 10 R. C. L. 1116; 23 Cyc. 1237.

It is clear there was no error in excluding, as evidence, such exhibits, nor the offer of proof thereof. There was no error committed by the trial court, in the instruction, the giving of which is assigned as error.

We have remaining only the question of sufficiency of the evidence to sustain the verdict. We have no hesitancy in saying that there is not substantial evidence to sustain the verdict.

There is substantial testimony to show that the defendant, under his mortgage, took possession of all the crop; that he hired Mr. Johnson to do the threshing; that he hired teames to haul the grain to town (the plaintiff hauling a few loads, thus trying to save the expense); that he directed to what place the grain should be hauled, and in what eleva-

45 N. D.—35.

tor it should be delivered; that he had all the grain hauled placed in his own name, and that he sold it all, and received all the proceeds.

The evidence not only shows that plaintiff took possession of all the grain, but further shows he thereafter exercised complete dominion over it.

He thus became liable to plaintiff for one half of the value of all the grain, for plaintiff was entitled to have the crops divided, and receive one half thereof, upon the farm.

It was the defendant's obligation, under the contract, to divide the grain and give plaintiff his one half of all the crops, if he had performed the covenants of the lease, on his part, and there is no evidence to show that he had not; in fact, the evidence shows that he had.

It is true the contract does not show that the division of the grain shall be made upon the farm, and plaintiff's share there delivered to him, but, in the absence of a stipulation in the lease, providing that the division shall be made elsewhere, where it does contain a provision for division, the only reasonable construction to give to such a provision is that it means the division should be made upon the farm, where the grain was raised; that was clearly the intent of the covenant in this lease, providing for a division of the crops.

We think, therefore, the defendant is liable, under his contract, to plaintiff, for plaintiff's share of the grain; and conceding that the defendant had the right to deduct the debts owing from plaintiff to him, from the value of plaintiff's share, and to this the plaintiff does not object, it is clear whatever balance is left, plaintiff should recover.

This brings us to the question of the actual amount of wheat raised upon the land and threshed, and as to this there is a discrepancy between the claims of plaintiff and defendant, to the amount of approximately 2,542 bushels. The amount each claimed was actually threshed is above set forth.

There is evidence that, when the thresher went on the land to thresh the wheat, he set the weights of the arrangement for the measuring of the grain so as to give a full half bushel; that plaintiff and the defendant therein held a basket, while the thresher set the weight, and Davis said it was all right; and that this was done several times during the threshing, and tab was kept on the matter all the way through the threshing.

The meaning of the testimony in this regard, and the only reasonable inference to be drawn therefrom, is that the apparatus for measuring the grain was so regulated that when sufficient wheat in weight accumulated therein, it would trip or dump such wheat, which would pass down a conveyer, and was sufficient in amount to fill a half-bushel measure.

The grade of the wheat being No. 1, there should be approximately as many bushels, elevator weight, as there were machine measure. It was an excellent quality of wheat. The land upon which the wheat grew was summer fallowed. There was likely but few weeds in the grain, as the evidence shows there was a magnificent crop and a heavy yield; and the probabilities are there was very little dockage in the grain.

However, after a painstaking examination of all the evidence in this case, we are satisfied that there is not sufficient substantial evidence to sustain the verdict in regard to the number of bushels of wheat threshed. The plaintiff testifies there were 8,366 bushels of wheat. He arrives at and bases that conclusion wholly upon the amount of the thresh bill, which was approximately $935, $9 and a fraction of which was for the threshing of oats, leaving approximately $925 as the amount of the bill paid for threshing the wheat. The testimony shows that the price per bushel for threshing wheat was 10 cents. The threshing bill thus paid would show about 9,250 bushels of wheat threshed, instead of 8,366. In these circumstances, it can hardly be said that the thresh bill paid is substantial evidence of the amount of wheat which plaintiff claims was threshed. If the amount of the thresh bill paid at the rate of 10 cents per bushel was about the cost of threshing 8,366 bushels of wheat at 10 cents per bushel, then it would be, we think, some substantial evidence of the amount of wheat threshed. The testimony of plaintiff in this regard is insufficient to sustain the verdict. There is no evidence of the number of bushels of wheat threshed as shown by the tally at the completion of the threshing. If there had been such evidence, considering the grade of the wheat and the evidence of the testing of the measuring apparatus, we think it would have been competent and also of a substantial nature. There is evidence of an estimate made by plaintiff prior to the time of the harvesting of the wheat as to the amount it would go per acre; to wit, 30 bushels. We think, however, in view

of all the circumstances, that this testimony, standing alone, is not sufficient to sustain the verdict. The wheat having been threshed, it seems it would be possible to prove by competent testimony the number of bushels so threshed. Johnson, the thresher, it would seem, ought to know the number of bushels of wheat threshed, as shown by the tally. He was not a witness in the case, and there is no showing but what his testimony was available. He certainly must know upon what basis settlement and payment of the thresh bill was made. It appears to us to be quite clear that plaintiff has a cause of action, but it is also equally clear that he has failed to establish it in regard to the number of bushels of wheat threshed; and the burden of proving this at the trial, by a fair preponderance of the evidence, is upon him, and in the event of a verdict in his favor there must be some substantial evidence in the record to sustain it, and we are not able to say there is such evidence. In fact, it is clear that there is not.

We think the issue on the new trial should be confined to the number of bushels of wheat produced upon the land in question and threshed. When that issue is properly and finally determined, that will dispose of the law suit. All the evidence relating to a settlement was submitted to the jury. The evidence in that regard was conflicting, and the jury, by returning a verdict in plaintiff's favor, determined that no settlement was made.

In the new trial, as at the former trial, the debts which plaintiff owes defendant may be deducted from the value of plaintiff's share of the crop, and there may also be deducted therefrom any other valid lien of any other creditor which has been paid by defendant, or otherwise.

The judgment appealed from is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

Appellant is entitled to his costs and disbursements on appeal.

ROBINSON, J. concurs.

BRONSON, J. I concur in result.

BIRDZELL, J. I dissent.

CHRISTIANSON, Ch. J. (concurring). I concur in a reversal of the judgment, for the reason that there is no substantial evidence in the

record to establish the fact that there was any more wheat threshed than that which defendant has already accounted for. In other words, the verdict has no substantial evidence to support it. The plaintiff had the burden of proof. The evidence adduced by him was even inferior to that which this court held to be insufficient in Miller v. Northern P. R. Co. 18 N. D. 18, 118 N. W. 344, 19 Ann. Cas. 1215.