This is an appeal from an order denying a motion for a new trial, or in the alternative, for judgment notwithstanding the verdict. It appears that the plaintiff Gerwein had a judgment against B. McDonnell. In 1923, one Hagen who owned a certain farm entered into a written contract of lease of this farm with M. McDonnell for 1924. M. McDonnell was B. McDonnell's wife. A crop was grown on the Hagen land in 1924. Under the terms of the lease the lessee *Page 511 
was entitled to a share of the crop. When the crop was threshed, a portion of it was hauled to the Minot Farmers Elevator Company and a portion to the Minot Farmers Co-operative Grain Association. It was divided there, and the lessee's share stored in the name of M. McDonnell. Gerwein, in aider of an execution on his judgment against B. McDonnell, and claiming that such grain belonged to B. McDonnell, garnisheed both the elevator company and the grain association. The elevator company filed an affidavit denying liability. Gerwein took issue thereon. The cause was tried to a jury and a verdict was returned against Gerwein. The grain association answered setting up that it had certain grain in its possession; that this grain was claimed by M. McDonnell; tendered the grain into court for whomsoever might establish that he was entitled to it, and asked that M. McDonnell be interpleaded. The court so ordered and M. McDonnell answered as such interpleaded defendant. The cause came to trial. The interpleaded defendant, M. McDonnell, after the trial was begun, asked leave to amend her answer. The court granted the application. In her amended answer she set up a plea of res judicata in that the same issues had been determined in the trial of the garnishment proceeding against the elevator company. Plaintiff demurred to this amended answer on the ground that the facts pleaded did not constitute a good plea of res judicata. The demurrer was sustained. The interpleaded defendant then offered proof tending to establish the allegations of the amended answer. On objection this offer was rejected. The trial then proceeded on the issues as made by the original pleadings, plaintiff had a verdict, and judgment was entered thereon. Thereafter, the defendant moved for a new trial or for judgment notwithstanding the verdict, assigning as grounds therefor: First, the insufficiency of the evidence to sustain the verdict and, second, error on the part of the trial court in holding that there was no good plea of res judicata, in sustaining the demurrer to the amended answer, and in other rulings predicated on the theory that the plaintiff was not concluded by the adverse judgment in the garnishment proceeding against the elevator company. The motions were denied. This appeal is from the order denying the same.
On this appeal the interpleaded defendant assigns error on the same grounds that were urged in support of her motion in the court below. As to the first ground urged in support of the appeal, that is, that the *Page 512 
evidence was insufficient to sustain the verdict, it appears to us that there was sufficient evidence to be submitted to the jury and to sustain the verdict as returned by the jury. The issue was as to the ownership of certain grain in the hands of the garnishee. The plaintiff contended that this grain was the property of the judgment debtor, B. McDonnell. The interpleaded defendant claimed that it belonged to her. The grain was raised on the farm belonging to Hagen. In 1923, B. McDonnell negotiated with Hagen for the lease of this farm. Hagen prepared a written lease embodying the terms as agreed upon between himself and B. McDonnell, and submitted it for signature. He then for the first time learned that M. McDonnell was to execute as lessee instead of B. McDonnell. The lease was executed by Hagen and M. McDonnell. Under the terms thereof the land was summer fallowed in 1923 and cropped in 1924. All of the work was done under the direction of B. McDonnell. He furnished the machinery and equipment, did the threshing, procured the twine, made arrangements for the hauling of the grain to the elevators, contracted and sold some of it in his own name, and was present at the elevators with Hagen when a division of the same was made according to the terms of the lease. In general he transacted all of the business in connection with the farming operations. Mrs. McDonnell maintained that the lease was entered into by her in good faith and that the grain raised thereunder was hers. She testified that she paid the various items of expense incurred in the farming operations and that she provided the means wherewith the whole operation was carried on. Her testimony was that the funds with which this was done came from the sale of gravel taken from land owned by her and which was sold by B. McDonnell, from rents paid by roomers kept by her, and from her earnings as cook for B. McDonnell's threshing outfit. It appears that B. McDonnell was insolvent. He was engaged in the contracting business and in farming. His property was encumbered and it was impossible to satisfy the plaintiff's judgment out of the same. The plaintiff's contention was that the lease transaction with Hagen was fraudulently entered into in M. McDonnell's name in order to cover up B. McDonnell's property and to hinder and delay his creditors in the collection of their just demands. Without a more particular reference to the evidence we think it enough to say that viewed in the light most favorable to *Page 513 
the plaintiff it was sufficient to warrant its submission to the jury on the questions raised and to sustain the verdict as returned. We are reinforced in this opinion by virtue of the fact that the trial court who saw and heard the witnesses was of like mind and refused to disturb the verdict. There was no error in this respect.
It is next urged that the trial court erred in its various rulings touching the question of res judicata. The interpleaded defendant, M. McDonnell, sought to plead and establish the judgment entered in the garnishment action against the Minot Elevator Company as conclusive against the plaintiff on the issues as made in the instant proceeding. Under the statute, § 7581, Comp. Laws 1913, it is provided that proceedings against a garnishee shall be deemed an action subject to all the provisions of law relating to proceedings in civil actions. Section 7582, Comp. Laws 1913, provides that when a claimant to property sought to be garnisheed is interpleaded, such claimant shall be deemed a defendant in the garnishee action. So the same effect must be given to the judgment entered in the prior garnishment proceeding as would be given to a judgment entered in any civil action, and the interpleaded defendant might plead it in bar in the instant garnishment proceeding just as in any other action. "Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies, whether the claim or demand, purpose, or subject matter of the two suits is the same or not." 34 C.J. 743; see also 15 R.C.L. 949, et seq. But this is so only as between parties or privies. Luick v. Arends, 21 N.D. 614, 132 N.W. 353; Union Nat. Bank v. Western Bldg. Co. 44 N.D. 336, 175 N.W. 628; 34 C.J. 756 and 984. The issue in the garnishment proceeding against the elevator company was as to whether B. McDonnell owned the grain involved. The issue in the instant proceeding was as to whether the interpleaded defendant owned the grain involved. It might, therefore, seem that the issue in the two cases was not necessarily the same. But it is conceded that the grain involved in both these cases was raised on the Hagen land under the lease entered into by and between Hagen and M. McDonnell, and that the ownership of the same turned wholly upon the question as to *Page 514 
whether M. McDonnell fraudulently entered into the lease as a cover for B. McDonnell and to enable him to hinder and delay his creditors in the collection of their demands. So in truth the issue in the two garnishment actions was identical. It follows, therefore, under the rule heretofore stated, that if M. McDonnell was a party or privy to the prior garnishment proceeding, she could plead the conclusiveness of the judgment entered therein as against the plaintiff. Now M. McDonnell was not a nominal party to that proceeding. She was a witness, however, and contends that she in fact was the real party in interest and that therefore, so far as she is concerned, the result was exactly the same as though she had been a party. It is not essential that one who seeks to take advantage of a prior adjudication should have been a nominal party thereto. If such a one was a party in fact, though not named, he may take advantage of, and is bound by, the prior adjudication. As is said in Freeman on Judgments, § 430:
"The term `parties' has been said to include all who are directly interested in the subject matter and who have a right to make defenses, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment if an appeal lies."
See also Boyd v. Wallace, 10 N.D. 78, 84 N.W. 760; State ex rel. Davis v. Willis, 19 N.D. 209, 124 N.W. 706; McKenzie v. Gussner, 22 N.D. 445, 37 L.R.A.(N.S.) 918, 134 N.W. 33; Willbur v. Johnson, 32 N.D. 314, 155 N.W. 671; Scandia State Bank v. Dinnie, 42 N.D. 71, 172 N.W. 62. M. McDonnell had notice of the issue in the prior proceeding. She was directly interested in the subject matter and knew how the result of the action would affect her. The garnishee, the judgment debtor, and the plaintiff all knew of her claim of interest in the subject matter of the action. Her interest was such that she might have intervened and become a party had she so desired and made application to do so. See § 7413, Comp. Laws 1913. But she made no such application. She was satisfied to be no more than a witness in the case. She had no right to control the proceedings, nor did she seek to do so. She could not, and did not, call and examine, or cross-examine witnesses. On the other hand she was not subject to cross-examination as an adverse witness by the plaintiff under § 7863, Comp. Laws 1913. If dissatisfied with the result she could not perfect an appeal. The garnishee might have made a showing as to her claim to *Page 515 
the property and required her to be interpleaded as a defendant. The plaintiff was aware of all the facts and of her contentions with respect thereto and might likewise have caused her to be interpleaded. Nothing was done, however, in the way of making her a party or treating her as one. At no time was she other than a mere witness in the case the same as any other witness. Plaintiff, garnishee, and M. McDonnell alike knew the facts and of their respective rights to interplead her or to intervene. Not having done so each must be held to have elected to abide the consequences that might flow from her being a witness only and not a party. It follows that M. McDonnell was not a party so as to be concluded by, or to be able to take advantage of, the judgment entered in that proceeding. Carlson v. Davis, 45 N.D. 540, 178 N.W. 445; Cannon River Mfrs. Asso. v. Rogers, 42 Minn. 123, 18 Am. St. Rep. 497, 43 N.W. 792; Schroeder v. Lahrman,26 Minn. 87, 1 N.W. 801; Freeman, Judgm. § 434, and cases cited under note 19; 34 C.J. 1009. See also Duquesne Bond Corp. v. American Surety Co. 264 Pa. 203, 107 A. 759; Freeman, Judgm. § 845. Neither was she privy to that judgment. Such rights as she had were in existence antecedent to that proceeding. See Freeman, Judgm. §§ 438, et seq.; 34 C.J. 1010 et seq.
The order appealed from must therefore be and it is affirmed.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.