[File No. 6003.]

PHILIP EMMIL, Appellant, v. ALBERTINA SMITH and Dan Ehlis, Respondents.

(242 N. W. 407.)

Opinion filed April 23, 1932.

*Crawford, Cain & Burnell,* for appellant.
*H. A. Mackoff,* for respondent.

NUESSLE, J. Plaintiff brought this action to establish the boundary line between the east half and the west half of section 21, township 146, range 94, and to enjoin the defendants from entering upon and occupying a triangular tract of land lying east of the line plaintiff is seeking to establish.

Plaintiff owns the east half of section 21, township 146, range 94. The defendant Smith owns the west half thereof. The defendant Ehlis is Smith's tenant, and, as such, is in possession of the west half. This controversy is as to where the government survey monument marking the division on the south line of section 21 between the east and west halves thereof was placed, all the parties conceding that its original location is controlling. The plaintiff claims this monument (a sandstone about 15 x 8 x 7″ in size, stamped with the quarter mark) was placed 154.6 feet west of the mid point of the section line. The defendants claim that it was placed at the mid point of the section line. Both plaintiff and defendants produced evidence supporting their various contentions. The section corners were all definitely located as well as the quarter corner on the north line of the section and there is no dispute concerning them. The field notes of the United States deputy surveyor who made the survey and located the monuments, show that the monument in question was placed at the mid point of the section line. The plaintiff has owned and occupied the east half of section 21 for many years. The defendant Smith has owned and occupied the west half for many years. After the controversy arose between the parties, plaintiff located a government quarter corner stone at the point for which he now contends. He testified it had been there at all times since he first examined the land in 1904. The defendants produced witnesses, however, who had known the land in question for many years. They testified that they had worked on the public road along the section line in question; had built bridges and culverts thereon, and in order to place these structures properly had been concerned in locating the section line and so had searched for this particular monument. They further testified that there was no monument at the place where it was subsequently located by the plaintiff. If their testimony is to be believed and is considered with the other evidence produced by the defendants, there is ample evidence in the record to sustain the finding made by the trial court in favor of the latter. The question is wholly

one of fact, to be determined by evidence as in any other case. See Black v. Walker, 7 N. D. 414, 75 N. W. 787; Radford v. Johnson, 8 N. D. 182, 77 N. W. 601; Propper v. Wohlwend, 16 N. D. 110, 112 N. W. 967; Iverson v. Johnson, — S. D. —, 239 N. W. 757. The trial court who saw and heard the witnesses found that the original monument was placed at the mid point of the section line. Under the circumstances, considering the whole record, we are of the opinion that this finding ought not to be disturbed.

One question of evidence raised in the court below is here for determination. This question involves the admissibility of a certain judgment entered in an action wherein the defendants in the instant case were not parties, although the defendant Ehlis was a witness. It appears that the plaintiff Emmil also owns the east half of section 28 which lies directly south of the east half of section 21. One Schoch owns the north half of the northwest quarter of section 28 which lies directly south of the west half of section 21. Emmil and Schoch disagreed as to the location of the same monument involved in the instant case and which determined the boundary line between their lands in section 28. They litigated their controversy and judgment was entered in effect sustaining Emmil's contention that the quarter corner was 154.6 feet west of the mid point of the south line of section 21. Emmil offered such judgment in evidence in support of his claim in the instant case. The defendants objected to this evidence on the ground that the judgment was entered in an action in no way affecting the present controversy and to which neither of the defendants were parties or privies. The trial court sustained the objection and excluded the evidence.

The ruling was right. Neither of the defendants in the instant case was a party to the former case. Both the present plaintiff and the defendant Smith acquired their titles to the land in question in section 21 long prior to this adjudication. While Ehlis was a witness in the former suit, he was a witness only. He had no interest in the litigation and had no control over it. The rule, of course, is, that a judgment binds only those (and their privies) who were directly interested in the action in which it was rendered and who actively and openly participated in the trial and conduct thereof. Accordingly, it is clear that neither of the defendants was concluded by the judgment in the former

case and it has no evidentiary value as against them. See Gerwein v. McDonnell, 54 N. D. 509, 209 N. W. 986, and authorities cited therein; Mathews v. Hanson, 19 N. D. 692, 124 N. W. 1116.

The judgment of the district court must be and it is affirmed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.