[File No. 5988.]

UNION BANK OF DUNN CENTER, N. D., a Banking Corporation, Respondent, v. HACKETT, GATES, HURTY COMPANY, a Corporation, Appellant.

(243 N. W. 926.)

Opinion filed August 23, 1932.

*Hyland & Foster,* for appellant.

*Otto Thress,* for respondent.

Nuessle, J. This is an action for money had and received. The defendant demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action. From an order overruling the demurrer the defendant appeals.

Of course the demurrer admits only facts well pleaded. On the other hand, on demurrer, all the intendments both inferential and presumptive are in favor of the challenged pleading. Thus considered, the complaint, which is exceedingly meager in its allegations, may be said to state: That the plaintiff is a domestic banking corporation; the defendant, a foreign corporation. One Whatley was and is one of the defendant's managing officers. In August, 1925, Rosendahl and Nyhagen, a copartnership doing business in Dunn county, made an assignment for the benefit of creditors. This assignment was made to Whatley and Skauge as trustees. Thereafter, in 1926, "said trustees, Whatley and Skauge, deposited with plaintiff the sum of $1385.38 in trust for the use and benefit of Dunn county." In 1927, the trustees,

Whatley and Skauge, withdrew this deposit and paid it to the defendant. The defendant still has this money. In 1930, Dunn county sued the plaintiff herein and recovered judgment against it for the amount of the deposit thus made and withdrawn by Whatley and Skauge, with interest and costs. Under the compulsion of this judgment the plaintiff in November, 1930, paid the amount thereof to Dunn county, the judgment creditor. By reason of such payment plaintiff claims to be subrogated to the rights of Dunn county as against the defendant. Accordingly it made demand upon the defendant for the repayment of the money so paid to defendant by the trustees, Whatley and Skauge. This demand was refused.

The theory of the complaint is that the defendant wrongfully received money belonging to Dunn county and that therefore the county would have been able to recover it in an action for money had and received; that the plaintiff, Union Bank of Dunn Center, was sued by Dunn county on account of this money and compelled to pay the amount thereof to the county and, therefore, plaintiff is substituted in the place and subrogated to the rights of Dunn county and can recover on the county's cause of action against the instant defendant. So in order to prevail as against the challenge of the demurrer the complaint must state facts sufficient to sustain both of these propositions. If it is insufficient as to either, the demurrer must be held good.

To state a good cause of action for money had and received the complaint must show facts which raise an implied promise on the defendant's part to pay the money sought to be recovered. And in order to raise such an implied promise it must appear that the defendant has received money belonging to plaintiff which it ought not in equity and good conscience to retain. See Gile v. Interstate Motor Car Co. 27 N. D. 108, 145 N. W. 732, L.R.A.1915B, 109; 41 C. J. 33, et seq.

The allegations of the complaint with respect to the ownership of the money sought to be recovered and its deposit with plaintiff bank are, after reciting the assignment of Rosendahl and Nyhagen to Whatley and Skauge as trustees, for the benefit of their creditors, that "said trustees, Whatley and Skauge, deposited the sum of $1385.38 in trust for the use and benefit of Dunn county." For the purposes of this opinion these allegations will be considered as allegations of fact rather than of conclusions of law. Other than as above stated the complaint

does not disclose whence this money came, whose it was, what it was for, or the character or purpose of the trust. So we must assume that the money so deposited was received by Whatley and Skauge as trustees for the benefit of the creditors of Rosendahl and Nyhagen and that the deposit was made in the names of the depositors Whatley and Skauge as trustees for Dunn county.

The plaintiff is a banking corporation. Its relationship with its depositors is that of debtor and creditor. It must pay upon demand. The depositors, Whatley and Skauge, as trustees, had the right to withdraw their deposit. They were responsible for such funds as came into their hands as trustees, but they were under no compulsion to keep these funds in the plaintiff bank. While they had the right to withdraw the funds whenever they saw fit to do so, they had no right to apply them to improper purposes. The presumption is that they did not do so. In the absence of evidence to the contrary, honesty and fair dealing in all transactions are always presumed. Long v. West, 31 Kan. 298, 1 Pac. 545; 27 C. J. 45. While the complaint alleges that in withdrawing the deposit they acted "fraudulently," there is no statement of facts indicating on what this conclusion is predicated. Standing alone it is a mere conclusion and does not overcome the presumption.

It appears from the complaint that the defendant is a foreign corporation. It does not appear it was a banking corporation. The complaint alleges that Whatley and Skauge withdrew the deposit from the plaintiff bank and paid it to the defendant. Again in the absence of allegations to the contrary it must be presumed that the money was paid to and received by the defendant for a proper and legitimate purpose. Therefore, though the defendant be chargeable with notice of all of the facts with reference to the transaction because Whatley was one of its managing officers, nevertheless in view of these presumptions no fault or wrong can be imputed to the defendant with respect to the transaction.

It is true that it further appears from the allegations of the complaint that after Whatley and Skauge, trustees, withdrew the deposit from the plaintiff bank, Dunn county sued and obtained a judgment against the bank for the money so deposited and withdrawn and that by force of this judgment the plaintiff was compelled to and did pay the amount

thereof to the judgment creditor Dunn county. But there is nothing in the complaint which discloses anything as to the cause of action on which the judgment in question was obtained excepting the deposit of the money in the bank and its withdrawal as above stated. Nor does it appear that either Whatley and Skauge or the defendant were parties to that suit or even had knowledge that it was brought. This being so the judgment that was rendered in that action and the determination of the issues of fact raised therein, were not binding either on the trustees, Whatley and Skauge, or on the instant defendant and have no evidentiary force as against them. Gerwein v. McDonnell, 54 N. D. 509, 209 N. W. 986, and authorities cited.

In view of the foregoing considerations we are of the opinion that the complaint does not state facts sufficient to constitute a cause of action in favor of Dunn county and against the defendant. Accordingly the demurrer should have been sustained.

Order reversed.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.